Van Devantee, C. J.
In its petition in error the plaintiff makes eight assignments of error, seven of which relate to alleged errors occurring upon the trial. These can only be preserved in the record through a motion for a new trial in the court below, and, if not so preserved, they are waived. When such matters have been made the basis of a motion for a new trial, they .are sufficiently questioned in this court by assigning error in the overruling of that motion. U. S. v. Trabing, *387 (Wyo.) 6 Pac. Rep. 721; [1] Wolcott v. Bachman, (Wyo.) 23 Pac. Rep. 72.[2] The eighth assignment complains ol the overruling of the motion for a new trial, and this is the sole question presented by the record. The only matters complained of in the motion for a new trial which are relied upon by the plaintiff in its brief are that the decision is not sustained by sufficient evidence, and is contrary to law, and that there is error in the assessment of the recovery. To determine either of these questions in this case, it is necessary that the record shall contain all of the evidence given upon the trial, and this should be made clearly to appear in the bill of exceptions. When error does not affirmatively appear in the record, the presumption is in favor of the decision of the trial court; and, unless the record contains all of the evidence, this court cannot determine any question, the decision of which necessarily requires an examination of all the evidence. It is contended by the defendant in error that the record does not purport to contain all of the evidence. The statement of the bill of exceptions is: “And this was all the testimony offered by either party upon the trial of the said cause. ” Testimony embraces only the declarations of witnesses made under oath or affirmation, (Rev. St. Wyo. §§ 2609, 2610; Bouv. Law Dict. tit. “Testimony;”) while “evidence, in legal acceptation, includes all the means by which any alleged matter of fact, the truth of which is submitted to investigation, is established or disproved,” (1 Greenl. Ev. § 1.) Testimony is but one of the several instruments of evidence, and cannot be considered the equivalent thereof ; for evidence embraces not only testimony, but also private writings and public documents. Abb. Law Dict. tit. “ Testimony ; ” Thomp. Trials, § 2784; Telephone Co. v. State, 12 N. E. Rep. 136.[3] Even if the word “testimony” were as broad in its meaning as the word “evidence, ” the record in this case is subject to the further objection that the bill of exceptions only purports to contain “all the testimony offered by either party,” and does not show how much or what portion of the testimony so offered was in fact admitted and heard by the court. “ It is not enough thatit should have been offered; it should also have been admitted.” Thomp. Trials, § 2784;. Garrison v. State, 11 N. E. Rep. 2.[4] The authorities are uniform in holding that the statement should be, in effect, that the bill contains all the evidence given upon the trial of the cause. We think the statement in this case falls far short of that requirement. An examination of the record discloses no error in the decision ofthe court below. The judgment is therefore affirmed.
Coen and Satjeley, JJ., concur.

 Ante, 144.

Ante, 335.

 110 Ind. 203.

 110 Ind. 145.