Wheaton v. Rampacker.

WHEATON *et al.* v. RAMPACKER.

(April 27, 1891.)

REVIEW — RECORD — ACTION ON CONTRACT — EVIDENCE.

1. The statement in a bill of exceptions that "the said testimony was all the testimony offered by either party" does not show that all the "evidence" is therein contained so as to allow a review thereof.

2. On the back of a certificate for stock owned by plaintiff, defendants indorsed an agreement to pay plaintiff therefor a certain amount after three years on the surrender of the certificate. *Held* that, in an action thereon, it was not necessary to allege a consideration for the promise, but that it was sufficient that plaintiff accepted it, and notified defendants thereof in a reasonable time, and before the offer had been withdrawn.

3. In the absence of evidence as to the circumstances, the judgment for plaintiff cannot be disturbed on the ground that a tender of the stock, made within a year after the expiration of the three years, was not made within a reasonable time.

Error from district court, Albany county.

Action by one Rampacker against George D. Wheaton and others. Plaintiff had judgment, and defendants bring error. Affirmed.

*Brown & Arnold,* for plaintiffs in error. *I. P. Caldwell* and *Lacey & Van Devanter,* for defendant in error.

GROESBECK, C. J. Rampacker, the defendant in error, brought suit in the district court of Albany county against Wheaton and Trabing, the plaintiffs in error, on a certain indorsement upon a certificate for five shares of the capital stock of the Big Laramie Land, Cattle & Improvement Company, of the par value of $500, which he (Rampacker) owned on the 22d day of May, 1884. This indorsement on the certificate is as follows: "Chicago, May 22, '84. We agree to pay A. Rampacker the par value of this stock, with interest at 10 per cent. per annum from date, after three years, upon the surrender of this certificate. [Signed] GEO. D. WHEATON. TRABING BROS." The firm or copartnership of Trabing Bros. was, at said date, composed of Augustus Trabing, one of the plaintiffs in error, and Charles Trabing, who has since died. The petition alleged these facts, and that on the 16th day of May, 1888, and at divers other times prior to that date, and after the expiration of said three years, Rampacker offered to surrender the said certificate of stock to said Wheaton and Trabing, and demanded payment therefor, which was refused. Augustus Trabing, who appears to be the only defendant served and appearing in the court below, demurred to the petition on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was over-

ruled, an exception was taken, and Trabing answered, admitting that Rampacker was the owner of the said certificate on May 22, 1884, admitting the execution of the said indorsement thereon by him for Trabing Bros., but denying that there was ever any consideration to support the agreement indorsed upon said certificate, although this was not alleged in the petition, denying that Rampacker ever promised to return said stock or to surrender the same to said Wheaton and Trabing, although this was not alleged in the petition; and denying, further, the offer to surrender said stock by Rampacker, and denying that he demanded payment therefor from any defendant in the case, in accordance with the conditions written upon the back of said certificate. A trial was had, and the court found for Rampacker, the plaintiff therein, and rendered judgment in his favor against Augustus Trabing for the sum of $746.65 and costs. A motion for a new trial was made and overruled, and proceedings in error were brought to this court.

1. We cannot review the evidence in the record, presented, as it is claimed, before the trial court, as it has become the settled rule of this court, to which we must adhere, that the bill of exceptions must contain all the evidence admitted in the trial court, where the same is sought to be reviewed here. The statement in the bill of exceptions before us is that "the said testimony was all the testimony offered by either party on the trial of this cause." It was held in the case of Trust Co. v. Holliday, (Wyo.) 24 Pac. Rep. 193,[1] that the word "testimony" is not synonymous with the word "evidence," and that such a bill of exceptions as the one before us, containing a like recital, would not be considered by the court. The learned counsel for the plaintiffs in error, recognizing the force of this rule, contented himself with urging two objections to the judgment of the district court: (1) The court erred in overruling the demurrer to the petition; and (2) the petition does not state facts sufficient to support the judgment.

2. These objections rest upon the single proposition, which was argued at length, that the petition does not allege any consideration for the offer to purchase or take the stock in question. This is true. The agreement was strictly unilateral, as it was not signed by Rampacker, and there is nothing to show that he agreed to accept the proposition or offer of the plaintiffs in error at the time when the indorsement on the certificate was made. This offer, however, became good, if accepted, and, if the promisors were notified of the acceptance within a reasonable time, unless the agreement had been revoked or withdrawn, or when from the lapse of time, it would be presumed to have been revoked or withdrawn. The promise indorsed on the certificate of stock is in the nature of a continuing offer or proposition. Whatever consideration for the promise existed at the time of the execution of the agreement, or whether any consideration ever existed between the date of the promise and that of the tender of the stock, cannot be considered, as no consideration is set up in the pleadings. The offer to purchase, so far as it appears, was primarily without consideration, and it might have been withdrawn or revoked at any time prior to the tender of the stock. It was then accepted and acted upon by Rampacker, and it was then no longer a *nudum pactum*, but became a valid and binding agreement. The offer must be regarded as continuing, until accepted, rejected, or withdrawn. So long as it continues, it is at the disposal of the party to whom it is made. Wade, Notice, § 384, and cases there cited.

It is urged that the offer to purchase or pay for the stock was not accepted within a reasonable time, and that the defendant in error forfeited his rights under the agreement by his laches, but we think that this contention is not well founded. By its terms the offer was held open "until after three years," and the defendant in error could not have surrendered or performed his part of the contract, if he chose to accept the agreement, before the expiration of that time. The allegation in the petition is that the tender was made on or about May 16, 1888, nearly one year after the three years had expired, and "at divers other times prior to that date, and after the expiration of said three years." Inasmuch as there is no allegation in the answer that the acceptance and tender were not made within a reasonable time, and the ground for reversal is not urged on this point, we are unable to determine whether or not the tender and offer to surrender the certificate were made in a reasonable time. The averments of the petition, as to the offer to surrender the

---

[1] Ante, 386.

stock, are flatly denied in the answer, and, in the absence of any evidence on this point, we must presume that the trial court decided that the surrender or offer to surrender the stock must have been made within a reasonable time, as it had all the evidence before it, and could settle that question by the facts and circumstances of the case and the situation of the parties. If, however, we strain the rule, and look at the evidence which the bill of exceptions contains, we find that Trabing was informed by Rampacker's attorney, some time in 1887, that Rampacker accepted the offer; and that all that Trabing said, at that time, was that it was a matter in which the estate of his brother was interested, together with the Trabing Commercial Company, and that he was unable to do anything about the matter until these affairs were settled. This shows that Trabing did not disaffirm the contract, or insist upon its withdrawal. It appears, also, that on the date alleged, May 16, 1888, the stock was tendered, and payment therefor refused. Whether or not this is all the evidence in the trial court we cannot say, but, admitting that it was, we think it established the fact that the agreement was accepted and acted upon within a reasonable time. The defendant in error had undoubtedly the right to elect to surrender, or offer to surrender, the stock, and sue for the contract price, as he has done. The judgment is affirmed.

CONAWAY and MERRELL, JJ., concur.