## STATE V. SNEARLY.

### (No. 621.)

APPEAL AND ERROR—EXCEPTIONS BY PROSECUTING ATTORNEY—DIRECTING VERDICT—REVIEW—BILL OF EXCEPTIONS—SUFFICIENCY, AS SHOWING THAT IT CONTAINS ALL THE EVIDENCE—CRIMINAL LAW—PRACTICING MEDICINE WITHOUT LICENSE—EVIDENCE—ADMISSIBILITY—EXCLUDING OFFERED TESTIMONY—ERROR—SIGNING AND AUTHENTICATING BILL OF EXCEPTIONS—SUFFICIENCY—STRIKING FROM FILES—DISMISSAL.

1. To determine, upon exceptions by the prosecuting attorney in a criminal case, whether or not there was error in directing a verdict of not guilty, where the ground of the exception to the action of the court in directing the verdict is that the evidence was not only such as should have been submitted to the jury, but was sufficient to convict, it is necessary to examine, and, therefore, for the bill of exceptions to contain, all the evidence given upon the trial.

2. A bill of exceptions does not purport to contain all the evidence given upon the trial of the cause, which merely states that it contains all the "testimony taken in said case."

3. In a prosecution for practicing medicine without the certificate or license required by law, where the information charged that the defendant prescribed a certain form of treatment for the ailing, weak, and deformed eyes of a person named, it was proper for the prosecution to prove that the eyes of the party for whom it was alleged the defendant had prescribed were in fact diseased.

4. No error is committed in excluding offered testimony where part of the offer was not relevant to the issue.

5. In a prosecution for practicing medicine without the certificate or license required by law, whether the treatment charged in the information to have been prescribed was or was not beneficial is not in issue, and an offer by the prosecution to show that such treatment was injurious to the patient was properly excluded, although no proper objection to the offer was made.

6. On the trial of a defendant charged with practicing medicine without a license by prescribing a certain form of treatment for the ailing, weak, and deformed eyes of a party named in the information, an objection was properly sustained to the question by the prosecution asking a witness to state some of the conditions of eyes that require treatment, for if the testimony would be material at all, the question should have been limited to those conditions of eyes which the evidence tended to show the defendant had treated or for which he had prescribed.

7. A bill of exceptions taken by the prosecuting attorney in a criminal case, which is signed and sealed by the judge who presided at the trial, and is certified by the Clerk of Court, with the seal of the court affixed, to be the original bill of exceptions signed and sealed by the judge and filed in the office of said clerk, is sufficiently signed and authenticated.

8. The fact that a bill of exceptions does not purport to contain all the evidence is not a reason for striking it from the files or dismissing the case, if it contains exceptions that can properly be considered without all the evidence.

[Decided February 24, 1910.]                    (107 Pac. 389.)

EXCEPTIONS by prosecuting attorney in a criminal case from the District Court, Albany County, HON. DAVID H. CRAIG, Judge.

The facts are stated in the opinion.

*W. E. Mullen,* Attorney General, for the State.

The grounds of the objection to the questions propounded to one of the witnesses, a physician, not being stated, the reasons for sustaining the objections do not appear. The witness had qualified and was therefore competent, and the

evidence was material under the allegations of the informa-
tion. The questions propounded to the witness were compe-
tent because they related to the entire subject under investi-
gation. The ruling in each instance amounted to a refusal
on the part of the trial Court to permit the taking of evi-
dence material to the issues involved, and the ruling was
therefore erroneous. (Riner v. Ins. Co., 9 Wyo. 81, 446.)
Where there is any evidence tending to prove plaintiff's case,
it is error to direct a verdict for the defendant. (Mau v.
Stoner, 10 Wyo. 125.) The object of presenting objections
in this court taken by the state in criminal cases is to se-
cure an interpretation of the law to govern in future cases
of the same character. It is highly important that the
medical laws be construed in their relation to treating de-
fects, deformities and diseases of the eye, and it is there-
fore hoped that the record here presented may be sufficient
to warrant the court in passing upon the general question,
which is, whether the acts of the defendant, as shown by
the evidence, constitute an offense within the meaning of
the medical laws of the State, the defendant having adver-
tised and held himself out to the general public that he was
a specialist in the treatment of human eyes, the examination
of diseased, deformed, or defective eyes, and the prescrib-
ing of the use of glasses therefor, the defendant not being
a qualified and licensed physician.

In the absence of a statute, the term "practicing medi-
cine" must be accepted in the popular sense, which con-
templates the diagnosis and treatment of disease and the
administration of medical agencies. But where the terms
are defined by statute that definition must govern. The
State has a right to determine what acts shall constitute
the practice of the healing art, and this right has been fre-
quently exercised to extend rather than restrict the mean-
ing of that term. (30 Cyc. 1561.) The language in Sec. 7,
Chapter 45 of the Laws of 1905, with reference to practic-
ing physicians is very broad. The information charged the
defendant with acts enumerated in the section defining prac-

ticing physicians, except that the information makes a speci-
fic reference to the diagnosis and treatment of defects, dis-
eases or deformities of eyes, while the statute refers to
diseases, injuries, or deformities of human beings generally.
The information follows the language and meaning of the
statute. From the testimony it is plain that the defendant
held himself out to the general public as a specialist in the
treatment of diseased, deformed and ailing eyes, by pre-
scribing the use of certain kinds of glasses which were pre-
pared by opticians who manufactured, repaired, sold and
dispensed them to him upon his order. This we think was
sufficient to show a violation of the statute by one not li-
censed as a practicing physician. (State v. Edmunds, 127
Ia. 333; State v. Heath, 125 Ia. 585; State v. Parks, 155,
Ind. 211; Musser v. Chase, 29 O. St. 577; Board v. Bond,
22 Nova Scotia, 153; Bibber v. Simpson, 59 Me. 181; State
v. Yegge, 69 L. R. A. 504.)  It has been intimated that the
trial court was either strongly impressed, if not entirely
governed in its rulings by the reasoning expressed in the
Illinois case of People v. Smith, 208 Ill. 31. We do not
think the Illinois case can be sufficiently relied upon as be-
ing applicable to the case at bar. The opinion in that case
recites that there is nothing in the record before the court
from which it can determine just what the complaint was,
as made against the defendant. Again, the opinion as-
sumed for the purposes of the decision that the charge
against the defendant was that of the violation of the med-
ical law by "professing to treat, operate, or prescribe for
the physical ailments, physical injuries or deformities of
another." · That assumption differs from the real charge
made in the information in the case at bar. Moreover, the
Supreme Court in that case did not review the evidence
upon which the findings of the court below were based.
The testimony of the defendant clearly established a case
against himself within the language of the statute. (People
v. Phippin, 70 Mich. 6; Commonwealth v. St. Pierre, 175
Mass. 48.)  His admission that glasses furnished by him

would not cure but simply relieved or corrected the trouble would not take the case out of the statute.

*H. V. S. Groesbeck, contra.*

The pretended bill of exceptions is insufficient to present any question to the court. It is not "signed or sealed by the court," but is signed in the name of the judge. It is not "authenticated by the court," nor is the signature of the judge verified by the clerk of court. The bill should have been signed "By the Court, David H. Craig, judge presiding," and attested by the clerk of the court under its seal. The bill was filed too late, for after being once filed it was withdrawn for the purpose of being sealed by the judge, and then afterwards filed at a time which was beyond the term and beyond the first day of the term succeeding the trial term. The court had therefore lost control of the bill. (Callahan v. Houck, 14 Wyo. 201.) There is no recital in the bill, which is the only record in the case, that time was given to reduce the exceptions to writing. Under repeated decisions of this court the bill cannot be considered. It being stated that the bill was presented for allowance at the term succeeding that at which the exceptions were taken, and there appearing in the record no showing that time was granted beyond the term for that purpose, the bill was improperly allowed. (Roy v. Union Merc. Co., 4 Wyo. 417; Drug Co. v. Drug Co., 5 Wyo. 510.) In the absence of a bill of exceptions there is nothing for this court to review and therefore the motion to strike and dismiss should be granted. (Cantlin v. Miller, 13 Wyo. 109; Howard v. Bowman, 3 Wyo. 311.) The bill does not show that it contains all of the evidence given upon the trial and this is fatal to any consideration of the exceptions which require an examination of the evidence. The statement that the bill contains all the "testimony" taken in the case is not sufficient, for the word "testimony" is not synonymous with "evidence." (Wyo. L. & T. Co. v. Holliday, 3 Wyo. 386; 15 Wyo. 439; Groves v. Groves, 9 Wyo. 172; Chosen

Friends &c. v. Otterson, 7 Wyo. 89; LeClair v. Hawley, (Wyo.) 98 Pac. 120.)

An objection to the information that it fails to state facts constituting an offense may be raised for the first time in the appellate court. (Patrick v. State, (Wyo.) 96 Pac. 527.) Ingredients not entering into a statutory definition of an offense must be alleged. (McGinnis v. State, 16 Wyo. 72; Koppala v. State, 15 Wyo. 398.) Unless the information sets forth facts sufficient to constitute the offense so as to notify the accused of the issues he is to meet, it charges nothing on which an issue can be raised by the plea of not guilty. (McCann v. U. S., 2 Wyo. 274; Fields v. Terr., 1 Wyo. 178; Martins v. State, (Wyo.) 98 Pac. 709; U. S. v. Simmons, 6 Otto 360; U. S. v. Hess, 124 U. S. 483; Pettibone v. U. S., 148 U. S. 197; 10 Ency. Pl. & Pr. 473, 474.) The charge that defendant published and caused to be published of and concerning himself that he was engaged in the practice of medicine in this State is too general and does not apprise him of the nature and cause of the accusation against him. The specific act itself should have been set out, that the court might know whether or not the same constituted a violation of the law. However, there was no proof whatever on this charge, and it is useless to discuss it.

The charge that defendant publicly called himself an "optician" does not constitute a criminal offense. (People v. Smith, 208 Ill. 31; Smith v. People, 92 Ill. App. 22.) There is nothing in the charge in the information which constitutes a violation of the law. (U. S. v. Williams, 28 Fed. Cas. No. 16713; 32 Ency. Law 786.) The business of an optician is not practicing medicine. (People v. Smith, supra; Smith v. People, supra; 3 Wharton & Stiles Med. Jur. 431.) The sale of mechanical appliances is not a violation of the medical law as practicing medicine. (People v. Lehr, 93 Ill. App. 508.) The charge that the defendant furnished a certain designated person with glasses is not sufficiently stated to constitute the act a violation of the law, even if the facts when fully and properly stated would

come within the statute. The charge itself, however, is not a violation of the law, for the fitting of glasses to eyes that are ailing, weak and deformed is no offense. In a prosecution of this character the information must state the facts showing that the acts of the accused are included within the statutory definition of the offense. (Bish. Cr. Proc. 611; Wharton & Stiles Med. Jur. Sec. 549; State v. Carey, 30 Pac. 729; Dee v. State, 68 Miss. 601, 9 So. 356; O'Connor v. State, 64 N. W. 719.)

Upon the testimony the prosecution attempted to show that one is practicing medicine when he fits glasses to customers, who test their own eyes by appliances used for that purpose, and where the procedure is merely a measure of the vision by mechanical means. Such an act would not constitute the practicing of medicine within the legislative intent. There is no case against the defendant either upon the evidence admitted or that offered on the part of the prosecution, and it was proper for the court to direct a verdict of acquittal, and a refusal to do so would have been error. (6 Ency. Pl. & Pr. 690; Boswell v. Bank, 16 Wyo. 161.) It was proper for a verdict to be directed, even after the defendant had gone into his case. (Garrett v. Farrell, 102 Ill. App. 31.) On appeal every reasonable intendment of the facts will be indulged in for the party in whose favor the verdict was directed. (Birnstein v. Ins. Co., 39 N. Y. Misc. 808; Appel v. Ins. Co., 86 N. Y. App. Div. 83; McCune v. Badger, 126 Wis. 186.) The record not containing all the evidence, the appellate court cannot determine alleged error in giving or refusing a peremptory charge. (26 Ency. Pl. & Pr. 701; Sloss &c. Co. v. Hutchinson, 40 So. 114; Hifner v. Westover, (Neb.) 110 N. W. 732.) The defendant did fit glasses and was an optician, as shown by the evidence, but he was not guilty of any offense under the statute. Section 7 of Chapter 45 of the Laws of 1905, does not contain the only definition of practicing medicine found in the statute. The act of the defendant, if within the statute at all, would come under Section 16 of the

statute referring to itinerants, and by that section he would
be exempt for the reason that he had maintained an office or
residence in the State for more than three months. It is
beyond the power of the Legislature to provide that the
practice of medicine shall mean the management for re-
ward of any diseases physical or mental with or without
drugs so as to subject all persons engaged in their treat-
ment to the limitations placed on physicians and surgeons.
(State v. Briggs, 133 N. C. 729; 98 Am. St. 731.) There
is an inherent natural right in all persons to practice medi-
cine in the absence of restrictions by law. (22 Ency. Law
780.) That the business of the defendant was not that of
practicing medicine, see the following cases, in addition to
those above cited: State v. Lawson, 65 Atl. 593; State v.
Hefferman, 65 Atl. 284; State v. McKnight, 131 N. C. 717;
59 L. R. A. 187; Hayden v. State, 81 Miss. 291; 95 Am. St.
471; State v. Wilson, (Vt.) 65 Atl. 88. Section 16 of the
statute is of doubtful constitutionality as an interference
with interstate commerce and also because there is an un-
constitutional and unreasonable restriction upon non-resi-
dents of the State. (State v. Willingham, 9 Wyo. 290;
Clements v. Casper, 4 Wyo. 495; Brennon v. Titusville,
153 U. S. 289.)

The statute itself is unconstitutional for the reason that
the act itself is broader than its title. (Ry. Co. v. State,
(Tenn.) 75 S. W. 730; State v. Tibbetts, 52 N. W. 228;
Hendershot v. State, (Ind.) 69 N. E. 679; Philadelphia
v. Ry. Co., 142 Pa. St. 484; State v. Court, 28 Wash. 317;
26 Ency. Law, 594.) The cases cited are to the effect that
an amendatory act must identify the original act by the title,
and indicate the theme which the act sought to be amended
treats. It is not enough generally to refer to the original
act merely by the number of the chapter which includes it.
(Tengue v. Port Chester, 101 N. Y. 294; Cooley Const.
Lim. 152; State v. Court, 92 Am. St. 834; 9 Curr. Law,
640; 10 id. 1710-1713.) All the provisions of the statute
in question are not germane to the amended chapter. New

provisions are incorporated, and the legislative intent · to
regulate the practice of medicine and prevent the sale by
itinerants of appliances for the correction of impairment
of vision is expressed in the act, but no index to such intent
is clearly expressed in the title of the act.   We believe the
act to be unconstitutional in that it is uncertain,· that it con-
tains more than one subject, and that the entire subject is
not expressed in the title.

Beard, Justice.

In this case the defendant was prosecuted for the crime
of practicing medicine without the certificate or license re-
quired by law.   He was acquitted, and the case comes to
this court under the provisions of Sec. 5378 et seq., R. S. .
1899, upon exceptions· taken by the prosecuting attorney,
during the trial, to certain rulings and decisions of the Dis-
trict Court.   The alleged errors of the trial court as pre-.
sented by the brief of the Attorney General are, (1) the ex-
clusion by the court of certain testimony offered by the
plaintiff, and (2) in directing the jury, at the close of the·
evidence, to return a verdict of not guilty.,

It is contended that there was not only evidence requiring
the case to be submitted to the jury, but sufficient to con-
vict the defendant of the offense charged against him.   To·
determine whether or not there was error in directing a ver-
dict, necessarily requires an examination of all the evidence·
given upon the trial.   It is contended by the attorney ap-
pointed by the District Court to argue the case against the·
prosecuting attorney, that the bill of exceptions does not pur-·
port to contain all the evidence given upon the trial and
that, therefore, the question of error in directing the ver-·
dict cannot be reviewed here.   The statement of the bill of
exceptions is, that it "contains all the testimony taken in said
case on behalf of the prosecution and defense."   Upon the·
question of the sufficiency of the statement in the bill of ex-
ceptions, the case of Wyoming Loan & Trust Co. v. W. H..
Holliday Co., 3 Wyo. 386, is directly in point.   In that case·
the statement of the bill of exceptions was, "And this was.

all the testimony offered by either party upon the trial of the said cause." That statement was held to be insufficient for the reason that the word "testimony" is not synonymous with the word "evidence" and only includes one kind of evidence, and for the further reason that the bill only purported to contain "all the testimony offered by either party," and did not show what portion of the testimony so offered was in fact admitted and heard by the court. The court said: "The authorities are uniform in holding that the statement should be, in effect, that the bill contains all the evidence given upon the trial of the cause." The same question was again presented in Wheaton v. Rampacker, 3 Wyo. 441, the statement in the bill being, "the said testimony was all the testimony offered by either party on the trial of this cause." The Trust Co. case, *supra,* was cited, and the court said: "We cannot review the evidence in the record, presented, as it is claimed, before the trial court, as it has become the settled rule of this court, to which we must adhere, that the bill of exceptions must contain all the evidence admitted in the trial court, where the same is sought to be reviewed here." That has been the rule of this court for nearly twenty years, and we see no reason for departing from it. The bill of exceptions in the present case not purporting to contain all the evidence given on the trial, the alleged error of the trial court in directing the verdict cannot be reviewed.

The information charges, among other things, that the defendant prescribed a certain form of treatment for the ailing, weak and deformed eyes of one Thomas Feast, who testified as a witness for the prosecution. A physician was called as a witness by the prosecution and after stating that he had examined the eyes of said Feast about seven months before the trial and again on the day of the trial, was asked, "In what condition did you find the eyes of this witness, as to being diseased, or otherwise?" To this question the defendant objected, but stated no ground for the objection. The objection was, however, sustained by the court, and

counsel for the plaintiff then stated: "We propose to show by this witness and other experts (naming them) that this man's (Thomas Feast's) eyes are and have been seriously diseased; and that the fitting, placing upon his eyes of such glasses as were prescribed by the defendant were injurious to his sight, and would result in great injury to him." To which offer like objection was made by defendant, and was sustained, and exception taken. We think it was proper for the plaintiff to prove that the eyes of this man were in fact diseased, he being a party for whom, it was alleged, defendant had prescribed. The court should have allowed the question to have been answered; but there was no error in excluding the offered testimony, as the latter clause of the offer was not relevant to the issue. (Stickney v. Hughes, 12 Wyo. 397-412.) The charge against the defendant was practicing medicine without a license, and whether the treatment, if any was prescribed, was or was not beneficial was not in issue, and, although no proper objection was made, there was no error in excluding irrelevant or immaterial testimony.

The following question was asked the same witness:: Q. "Doctor, will you tell me some of the conditions of eyes that require treatment?" Which question was objected to as incompetent, irrelevant and immaterial. The objection was sustained. We think there was no error in the ruling. The testimony sought to be elicited by the question, if material at all, should have been limited to those conditions of eyes which the evidence tended to show the defendant had treated, or for which he had prescribed. The foregoing are all of the alleged errors discussed in the brief of counsel for the State:

Counsel, appointed by the District Court to argue the case here, has filed a motion to strike the bill of exceptions from the files and to dismiss the case on the grounds that the bill is not properly signed and does not purport to contain all the evidence. The bill is signed and sealed by the judge who presided at the trial, and is certified by the clerk of the court,

with the seal of the court affixed, to be the original bill of exceptions signed and sealed by the judge and filed in the office of said clerk. That is the usual manner of signing and authenticating bills of exceptions in this jurisdiction and is sufficient. The fact that the bill does not purport to contain all the evidence is not a reason for striking it from the files or dismissing the case, if it contains exceptions that can properly be considered without all the evidence.

The motion to strike the bill of exceptions from the files and to dismiss the case is denied, and the exceptions are sustained in part and denied in part as above indicated.

POTTER, C. J., and SCOTT, J., concur.