## THE McCAGUE INVESTMENT CO. v. MALLIN ET AL.

(No. 787; Decided April 12th, 1915; 147 Pac. 507.)
(Rehearing Granted July 27th, 1915; Pending.)

APPEAL AND ERROR—BILL OF EXCEPTIONS—AUTHENTICATION OF RECORD—PRESUMPTIONS—CERTIFICATE OF JUDGE—CERTIFICATE OF COURT STENOGRAPHER—SUFFICIENCY OF THE EVIDENCE.

1. Error predicated upon an alleged insufficiency of the evidence to sustain the findings and judgment, will not be reviewed unless the record shall contain all of the evidence given upon the trial embodied in a proper bill of exceptions.

2. That a bill of exceptions contains all of the evidence given upon the trial must be disclosed, either by a recital in the bill itself, or in the certificate of the judge, who allows and signs the same. A mere certificate of the court reporter is insufficient.

3. Where the only statement appearing in a bill of exceptions with reference to the evidence contained therein consists of a recital in the bill, that it includes the original exhibits introduced in evidence in said cause and all of them, such recital is insufficient to enable the Supreme Court to determine any question, the decision of which necessarily requires an examination of all of the evidence.

Error to the District Court, Laramie County; Hon. William C. Mentzer, Judge.

The material facts are stated in the opinion.

*Matson & Kennedy* and *Charles Battelle,* for plaintiff in error.

The defendants, by a general denial, deny all interest in the property in controversy. The Treasurer's tax sale notice was void, because it did not include all delinquent taxes. (Comp. Stats. 1910, Secs. 2421 and 2438.) Any discrepancy avoids the sale. (Walton v. Moore, 114 Pac. 105, 58 Ore. 237, rehearing, 113 Pac. 58.) The requirement is mandatory. (Alexander v. Pitts, 7 Cush. (Mass.) 503; Stegeman v. Falconer et al., 42 Neb. 53, 60 N. W. 319; Adams v. Osgood, 42 Neb. 450, 60 N. W. 869; Medland v. Connell, 57 Neb. 10, 77 N. W. 437; Barker v. Hume, 120 N. W. 1131, 84 Neb. 235.) The property was sold for the cost of advertising, which exceeded ten per cent (10%) of the taxes and was therefore void. (Comp. Stats. 1910, Sec. 2421; R. S. 1887, Sec. 3822; Walton v. Moore, *supra.*) The tax levy exceeded the constitutional limit and was void. (Constitution of the State of Wyoming, Art. XV, Sec. V.) Tax levies for 1893, 1895, 1896, 1897 and 1898 exceeded 12 mills on the dollar and were void. (Grand Island & N. W. R. R. Co. v. Baker, 45 Pac. Rep. 494, 6 Wyo. 369; State v. Board of Commissioners of Laramie County, 55 Pac. 451, 8 Wyo. 104; *In re* House Roll No. 284, 31 Neb. 505, 48 N. W. 275; State ex rel. v. Casper County, 14 Neb. 22, 14 N. W. 801; Baird v. Todd, 27 Neb. 782, 43 N. W. 1143; State ex rel. Wessel v. Weir, 33 Neb. 35, 49 N. W. 785; Young v. Lane, 43 Neb. 812; Bonnell v. Nuckols County, 32 Neb. 189; U. P. R. R. Co. v. Howard County, 66 Neb. 667.) Void taxes included in the sale upon which the tax deed was issued avoids the deed. (McCann v. Merriam, 11 Neb. 241, 9 N. W. 96; Boyce v. Sebring, 66 Mich. 210, 33 N. W. 815; Gage v. Lyons, 138 Ill. 590; Gage v. Nichols, 135 Ill.

128; Riverside Co. v. Howell, 113 Ill. 256; Gage v. Pumpelly, 115 Ill. 454; McLaughlin v. Thompson, 55 Ill. 249; Kemper v. McClelland's Lessee, 19 Ohio, 308; Gamble v. Witty, 55 Miss. 26; Cooley on Taxation, 295, 296; Hardemburg v. Kidd, 10 Cal. 402; State ex rel. v. Patterson, 11 Neb. 266, 9 N. W. 82.)  County Commissioners have no authority to execute a tax deed.  (R. S. 1899, Sec. 1903; Smith v. Tood, 55 Wis. 459, 13 N. W. 490.)  The deed should recite the taxes for which the property was sold. (Charlton v. Kelley, 24 Colo. 273, 50 Pac. 1042; Coates v. Butler, 94 N. W. 688, 59 Minn. 220; Butler v. Lieb, 81 Neb. 744, 117 N. W. 700; Swearingen v. Roberts, 12 Neb. 333, 111 N. W. 325.)  Limitations do not run in favor of a tax deed void on its face.  (Horsewell v. Farnham, 92 N. W. 1082, 16 S. D. 414, and cases therein cited and followed; Holmes v. Loughren, 105 N. W. 558, 97 Minn. 83.)  Plaintiff is entitled to maintain this suit without being domesticated in the State of Wyoming.  It is not doing business in the state within the meaning of the statute requiring domestication.    Gould Land & Cattle Co. v. Telephone Co., 17 Wyo. 507, 101 Pac. 939, is inapplicable.  Plaintiff acquired land in Wyoming to protect itself against loss through transactions occurring outside the state.  Such transactions on the part of a foreign corporation do not bring it within the statutory prohibition.    (Meddis v. Kinney, 176 Mo. 200, 75 S. W. 633; New York Arch. Terra Cotta Co. v. Williams, 184 N. Y. 579; Norton v. Union Bank and Trust Co., 46 S. W. (Tenn.) 544; Chicago Title and Trust Co. v. Bashford, 120 Wis. 281; Florsheim Bros. D. G. Co. v. Lester, 60 Ark. 120, 27 L. R. A. 505; Utley v. Clark-Gardner Lode Min. Co., 4 Colo. 369; Columbus Buggy Co. v. Graves, 108 Ill. 459; National Trust Co. v. Murphy, 30 N. J. Eq. 408; Penn Collieries Co. v. McKeever, 183 N. Y. 98; Lakview Land Co. v. San Antonio Traction Co., 95 Tex. 652, 66 S. W. 766; Wilson v. Pearce, 85 S. W. 31; Sigel-Campion Live Stock Com. Co. v. Haston, 68 Kan. 749, 75 Pac. 1028.)

*H. Donzelmann,* for defendants in error.

The attack upon the tax sale notice published by the County Treasurer was not supported by evidence. The Treasurer was authorized to publish the notice in any paper of his own selection. (Board of County Commissioners v. Chaplin et al., 5 Wyo. 74.) There was no evidence showing the assessment of taxes for which the lands were sold to have been otherwise than in accordance with law. The presumption is that the assessment was valid and that public officers have performed their duties. (Owen v. Baker, 101 Mo. 407; Washington v. Hosp., 43 Kan. 324; Holt v. Corbit, 156 Ill. 540; Clements v. Louisiana Electric Light Co., 44 La. Annot. 692; Greenleaf on Evidence, Vol. 1, p. 56; Ld. Halifax Case Bull (N. P.) 298; U. S. Bank v. Dandridge, 12 Wheat. 69, 70; Williams v. East India Co., 3 East, 192; Hartwell v. Root, 19 Johns. 345.) The case of Walton v. Moore is not in point, as it follows an Oregon statute. The same is true of the case of Stegeman v. Falconer and the case of Barker v. Hume, cited by plaintiff in error. The rate of levy was within constitutional limits. The property had been sold to the county on June 3rd, 1899, and was the absolute property of Laramie County. (Session Laws 1899, Chapter 66.) The County Treasurer was authorized to dispose of it at private sale without further notice. (Session Laws 1899, Chapter 66, Section 3.) The period of redemption had expired and plaintiff cannot urge defects in the deed made by the County Commissioners. The plaintiff was without authority to maintain the suit. It is a foreign corporation and has not complied with the Wyoming statutes. The proposition was stated in the case of Gould Land & Cattle Co. v. Telephone Co., 17 Wyo. 507, referred to in the brief of plaintiff in error.

Beard, Justice.

This is an action brought by plaintiff in error (plaintiff below) against the defendants in error (defendants below) to redeem certain real estate from a tax sale. The cause

was tried to the court without a jury, judgment was rendered in favor of defendants, and plaintiff brings error.

It will not be necessary to set out the facts of the case in this opinion, for the reason that the only assignments of error relied upon and argued in plaintiff's brief are that "The findings and judgment of the court are, (1) contrary to the evidence; (2) contrary to law; and (3) not sustained by the evidence." The finding of the court is a general finding in favor of defendants, and it is recited in the judgment that the trial of the cause was proceeded with by the introduction of evidence for and on behalf of both plaintiff and defendants and after listening to all of the evidence and arguments of counsel, the court doth generally find for the defendants and against the plaintiff. To determine either of the alleged errors presented, a consideration of the evidence, which must be preserved and included in the bill of exceptions, is necessary. It has been uniformly held by this court that when a consideration of the evidence is necessary to determine the questions presented, it must clearly appear from the bill that it contains all of the evidence or at least so much thereof as is necessary to explain the exceptions, and that the mere certificate of the court reporter is insufficient for that purpose. In Wyoming Loan & Trust Co. v. W. H. Holliday Co., 3 Wyo. 386, 24 Pac. 193, the court said: "The only matters complained of in the motion for a new trial which are relied upon by the plaintiff in its brief are that the decision is not sustained by sufficient evidence, and is contrary to law, and that there is error in the assessment of the recovery. To determine either of these questions in this case, it is necessary that the record shall contain all of the evidence given upon the trial, and this should be made clearly to appear in the bill of exceptions." (See also Wheaton v. Rampacker, 3 Wyo. 441, 26 Pac. 912; Groves v. Groves, 9 Wyo. 173, 61 Pac. 866; State v. Snearly, 18 Wyo. 341, 107 Pac. 389; Fishback v. Bramel, 6 Wyo. 293, 44 Pac. 840; Seng v. State, 20 Wyo. 222, 122 Pac. 631; State ex rel. Dimond Bros. v. Craig, District Judge, 15 Wyo. 439, 89 Pac. 584.)

In Fishback v. Bramel, *supra,* the court said: "The stenographer's certificate not being provided for by law as a part of the bill, may be and usually is entirely omitted therefrom; therefore, if embodied in the bill, or record, at all, it is immaterial whether it states that the bill contains all the evidence given in the case or not; that fact must be otherwise disclosed, either in the bill itself or in the certificate of the judge who allows and signs the same."

The only statement either by way of recital in the bill, or the certificate of the judge, with reference to the evidence contained in the bill, is the following recital: "And be it further remembered, within the time allowed by the court therefor, the plaintiff presents to the court this its bill of exceptions, the same including the original exhibits introduced in evidence in said cause and all of them." According to the well established practice in this state, as shown by the cases above cited, such recital is entirely insufficient. "When error does not affirmatively appear in the record, the presumption is in favor of the decision of the trial court; and, unless the record contains all of the evidence, this court cannot determine any question, the decision of which necessarily requires an examination of all the evidence." (Wyoming Loan & Trust Co. v. W. H. Holliday Co., *supra.*) On the record presented no error is made affirmatively to appear. The judgment of the District Court is, therefore, affirmed.                                              *Affirmed.*

Potter, C. J., and Scott, J., concur.