## ROYAL INSURANCE CO. v. WALKER LUMBER CO.

(No. 795; Decided May 14th, 1915; 148 Pac. 341.)
(Rehearing Granted July 27th, 1915; Pending.)

APPEAL AND ERROR—BILL OF EXCEPTIONS—ALLOWANCE AND AP-
PROVAL—MUST CONTAIN ALL THE EVIDENCE—AUTHENTICATION OF
BILL—JUDGE'S CERTIFICATE—COURT REPORTER'S CERTIFICATE—PRE-
SUMPTIONS.

1. A bill of exceptions must show, either by itself or by the
   certificate of the judge allowing and signing it, that it
   contains all the evidence in the case, and the reporter's
   certificate to that effect cannot be considered.
2. A bill of exceptions certified to contain all the testimony,
   instead of all the evidence, is insufficient.
3. The court to whom a bill of exceptions is presented must
   sign it if correct, otherwise corrections must be made and
   then signed, and an "O. K." by opposing counsel of a
   proposed bill of exceptions indorsed before allowance by
   the court is not an admission that the bill is sufficient in
   form and substance to present the errors assigned, but is
   a mere statement that counsel has no objection to its al-
   lowance and is not binding on the court.
4. Where the evidence is not properly in the record, the court
   on appeal will presume that the evidence introduced sus-
   tained the judgment.

ERROR to the District Court, Laramie County; HON.
WILLIAM C. MENTZER, Judge.

Action to recover on a contract of fire insurance. From
a judgment in favor of the Lumber Company and against
the Insurance Company for the amount claimed, it brings
error.

*C. W. Burdick* and *Fred Herrington*, for plaintiff in
error.

The alleged contract of insurance is based upon corre-
spondence that passed between the parties. No policy was
ever issued. The loss occurred on the 19th of February,
1911, but prior thereto the owner had conveyed the prop-
erty to another. If a policy had been issued, this convey-

ance would have forfeited the insurance. The Lumber Company being a lien holder can recover only upon the right of the owner. (Keith v. Royal Ins. Co., 94 N. W. 295.) The terms of the contemplated policy govern and where the terms of the policy are voided by an act of the owner, it is void as to the material man. (Atlas Reduction Co. v. New Zealand Ins. Co., 138 Fed. 497; Bates v. Equitable Ins. Co., 10 Wall. 33, 19 L. Ed. 882; Ermentrout v. American Fire Ins. Co., 60 Minn. 418, 62 N. W. 543; Brunswick Savings Institution v. Commercial Union Ins. Co., 68 Me. 313, 28 Am. Rep. 56; Wunderlich v. Palatine Fire Ins. Co., 104 Wis. 395, 402, 80 N. W. 471; Scandia Ins. Co. v. Johnson, 22 Colo. 476, 45 Pac. 431; Delaware Ins. Co. v. Greer, 57 C. C. A. 188, 190, 191, 193, 120 Fed. 916, 919, 921, 61 L. R. A. 137; Syndicate Ins. Co. v. Bohn, 27 L. R. A. 619; Brecht v. Law, Union & Crown Ins. Co., 160 Fed. 399-402.) The correspondence did not contain all of the essentials of a completed contract and was insufficient to bind the Insurance Company. (Benner v. Fire Ins. Assn. of Phil., 78 Atl. 44; Mich. Pipe Co. v. Mich. Fire & Marine Ins. Co., 20 L. R. A. 277 and 289.) Suit was not instituted within twelve months after loss, as required by the terms of the contemplated policy of insurance. There is a distinction between a contract to insure and a contract of insurance. Plaintiff must allege a breach of the particular contract which he relies upon. (Crow v. Hildreth, 39 Calif. 618.) The amendment to the petition incorporated a new cause of action, which was not brought within the twelve month period. (Union Pacific R. Co. v. Wyler, 158 U. S. 285, 39 L. C. Ed. 983; Buntin v. C. R. I. & R., 41 Fed. 748; Whalen v. Gordon, 95 Fed. 305; Nugent v. Adsit, 93 Mich. 462, 53 N. W. 620; Schwartz v. Stock, 65 Pac. 357.) Binders or temporary contracts for insurance are governed by the terms of the regular policy issued by the insurer. (Ogle Lake Shingle Co. v. National Lumber Ins. Co., 122 Pac. 990.)

*Clark & Clark,* for defendant in error.

The record shows a valid contract for insurance to have been made between the Insurance Company and the material man. The correspondence put in evidence makes this fact very clear. The local agent was, of course, seeking to convert the binder into a permanent policy in favor of the owner of the building. It was a builder's risk in which the Lumber Company, who had furnished the material, was chiefly interested. The terms of the contract are clear and it contains all of the essentials of a binding obligation. The Insurance Company having made no contract with the owner, Billingsley, its obligation being to carry a risk for a material man pending construction, the principle urged by plaintiff in error, that a transfer of the property by the owner voided the contract, in .view of certain stipulations carried in the printed form of policy used by the company, cannot apply in the present case and authorities cited in support thereof are not in point. This is especially true in view of the fact, that what is known as the New York long form mortgagee's clause was followed, which protects a mortgagee against the defaults of the owner. (Oakland Ins. Co. v. Bank of Commerce, 47 Neb. 717, 58 A. S. R. 663, 66 N. W. 646.) This Nebraska decision has been approved in the following cases: Queens Ins. Co. v. Dearborn Assoc., 175 Ill. 117, 51 N. E. 717; East v. New Orleans Ins. Co., 76 Miss. 697, 26 So. 691; Boyd v. Thuringia Ins. Co., 55 L. R. A. 165; Christemsen v. Fidelity Ins. Co., 117 Ia. 77, 90 N. W. 495, 94 A. S. R. 286; Welch v. Assurance Co., 148 Cal. 223, 82 P. 964; Edge v. Insurance Co., 20 S. D. 190, 105 N. W. 281. The only cases to the contrary are: Franklin Ins. Co. v. Wolff, 23 Ind. App. 555, 54 N. E. 772; Delaware Ins. Co. v. Greer, 120 Fed. 916; Vancouver Natl. Bank v. Law, Union & Crown Ins. Co., 153 Fed. 440, and Brecht v. Law, Union & Crown Ins. Co., 160 Fed. 399. It was clearly stipulated that the loss, if any, should be payable to the Lumber Company, as its interest might appear at the time of loss. There was no reference whatever to the conditions of the policy. The amend-

ment to the petition was not affected by the twelve month limitation clause: The contract here contains no limitation as to the time of commencing suit. (Queen Ins. Co. v. Dearborn Assoc., 175 Ill. 177, 51 N. E. 717.) It is a contract of insurance and was intended to insure, and the amendment was simply an enlarged statement of the nature of the obligation. The original petition was adequate and the amendment did not add a new cause of action. (Summers v. Mutual Life Ins. Co., 12 Wyo. 369.) The defendant filed an answer and proceeded to trial. There was no complaint that defendant was taken by surprise. No bill of exceptions appears in the record. The transcript of evidence is not authenticated. None of the exhibits are authenticated, except by the court reporter. (France v. Bank, 3 Wyo. 188.) The form of policy offered in evidence is among the uncertified exhibits and cannot be considered in construing the nature of the contract between the parties.

BEARD, JUSTICE.

This is an action brought by the defendant in error against the plaintiff in error to recover $1,477.50 and interest claimed to be due on a contract of insurance. The case was tried to the court without a jury and judgment rendered in favor of the Lumber Company and against the Insurance Company for the amount claimed, and it brings error.

The Lumber Company, plaintiff below, alleged, in substance, that about December 19, 1910, the Insurance Company, in consideration of the regular premium of $22.50, undertook and agreed with plaintiff to insure and did insure plaintiff for the period of one year in the amount of $1,500 against damage due to loss by fire of a certain frame building in Lost Springs, Wyoming, known as the building of B. F. Billingsley, which was at the time of making the contract in course of construction, and the material therefor was being furnished and supplied by plaintiff; that at said time the plaintiff had furnished for said building materials of a value of more than $1,500.00, no part of which

had been paid, and that it continued to furnish material therefor until it was destroyed by fire about February 19, 1911, at which time the amount due plaintiff for material exceeded $1,500.00, and that the time for filing a lien therefor had not arrived, and had not expired. Alleged proof of loss and compliance with the contract by plaintiff, etc. The defendant in its answer denied the existence of any contract to insure, or of insurance, and pleaded other matters in defense not necessary to set out here in view of the disposition which must be made of the case on the record presented.

Counsel for defendant in error contend in their brief and also in oral argument that the record presents no questions for determination by this court for the reasons that a consideration of all of the exhibits introduced in evidence on the trial is necessary to a determination of the matters complained of, and that there is no bill of exceptions properly certified to this court containing said exhibits.

There is on file a volume or bundle of papers containing the pleadings, motions, etc. (but not containing the evidence or bill of exceptions), and certified by the clerk of the District Court to contain all of the original papers in the case. There is also filed another volume or bundle of papers entitled, "Transcript of Evidence" (not certified by the clerk as papers in the case, or accompanied by an index as required by rule 10) containing the oral testimony of witnesses, at the end of which appears the statement, "The foregoing is all of the testimony offered by either party, whereupon the court gave judgment for the plaintiff as appears of record in the cause; and thereupon the defendant filed a motion to set aside said judgment, and for a new trial, which said motion was as follows, to-wit." The motion is then set out. Following which is the only certificate of the court or judge to be found in the record; and which reads: "And upon consideration the court overruled said motion for a new trial as appears of record in said cause; and the defendant thereupon excepted to the overruling of said motion, and presents this his bill of exceptions, first to

opposing counsel on the 12th day of July, A. D. 1913, and to the court on the 12th day of July, A. D. 1913, and prays that the same be allowed, signed and sealed and made part of the record, which is accordingly done this 14th day of July, A. D. 1913, and at the June term of said court." Signed by the judge, and marked filed by the clerk July 14, 1913. Attached to these papers is a certificate of the court reporter that they contain all of the evidence and exhibits offered on the trial. The paper is marked filed by the clerk of the District Court, and at the bottom of the sheet "O. K., J. D. C." In the transcript of evidence the reporter states that various letters and papers were admitted in evidence and are attached and marked exhibits; but the bill signed by the judge contains no statement either in the body of the bill or in the certificate that it with the exhibits therein referred to as attached contains all of the evidence given and received on the trial. It was held in France v. First Nat. Bank, 3 Wyo. 187, 18 Pac. 748, that a paper attached to the bill and marked as an exhibit thereto is not sufficient to make it a part of the bill. But if it be assumed that the exhibits mentioned in the transcript of evidence are sufficiently identified so as to be considered part of the bill, and further that said transcript of evidence, not being certified to this court as a part of the record in the case, can be considered, the record is still fatally defective as to any question requiring a consideration of the evidence, and that defect is not cured by the reporter's certificate. Fishback v. Bramel, 6 Wyo. 293, 44 Pac. 840, wherein the court said: "The stenographer's certificate not being provided for by law as a part of the bill, may be and usually is entirely omitted therefrom; therefore, if embodied in the bill, or record, at all, it is immaterial whether it states that the bill contains all the evidence given in the case or not; that fact must be otherwise disclosed, either in the bill itself or in the certificate of the judge who allows and signs the same." It is also the well established rule that a bill certified to contain all the *testimony*, but not all of the *evidence*, is insufficient. (Wyoming Loan & Trust Co. v. W. H. Holliday

Co., 3 Wyo. 386, 24 Pac. 193; Wheaton v. Rampacker, 3 Wyo. 441, 26 Pac. 912; Callahan v. Houck & Co., 14 Wyo. 201, 83 Pac. 372; State v. Snearly, 18 Wyo. 341, 107 Pac. 389; Seng v. State, 20 Wyo. 222, 122 Pac. 631.)   It is contended by counsel for plaintiff in error that as the bill bears the O. K. of one of the counsel for defendant in error that they have waived any defects therein, and cite Rio Grande South. R. Co. v. Colorado Fuel & Iron Co., 41 Colo. 1, 91 Pac. 1114, where it was contended that certain instruments attached to the bill and referred to therein as exhibits and as a part thereof could not be considered because not properly incorporated in the bill.   It was held that as it appeared that prior to the signing of the bill by the judge it was O. K.'d over the signature of counsel for plaintiff, the defect was waived.   If we were to follow the decision in that case and apply it to the case at bar it would authorize us to do no more than to consider the exhibits attached to the bill as in the record; but it would not cure the defect that the bill fails to disclose that it contains all the evidence.   We have no statute requiring a bill of exceptions to be presented to opposing counsel before being allowed and signed by the judge; although that is frequently done.   But where that has been done and it appears to be O. K.'d by counsel, it has not, so far as we are advised, been accepted as a substitute for matters which are to be certified by the court or judge; nor are we advised that it has been understood in the practice that the O. K. of opposing counsel to whom a bill has been presented before allowance amounts to an admission that it is sufficient in form and substance to present the errors assigned.   We think such O. K. is to be considered as a statement that such counsel has no objections to the allowance of the bill so O. K.'d; but such statement is not binding upon the court or judge.   It is made the duty of the court or judge to whom a bill is presented to sign it if it is correct; but if not correct he is to make the corrections or direct them to be made so that it shall speak the truth, and shall then sign it.   It is the signature of the judge which authenticates

it as a true bill, and not the statements of the court reporter, or the O. K. of opposing counsel. An examination of the record before us shows clearly that a consideration of all of the evidence given and received upon the trial is necessary to a determination of the assignment of errors, and that evidence not being properly in the record, the presumption is that it sufficiently sustained the judgment. No error being made to appear, the judgment of the District Court is affirmed.                                    *Affirmed.*

Potter, C. J., and Scott, J., concur.

