FRANCE v. FIRST NAT. BANK OF OMAHA.

(June 11, 1888.)

APPEAL—REVIEW—INSUFFICIENCY OF EVIDENCE—BILL OF EXCEPTIONS — WHAT PART OF—SUBSTITUTION OF DEFENDANT.

1. In an action of replevin, a finding of the lower court in favor of defendant will not be reversed on the ground that it is not supported by the evidence, if the bill of sale on which plaintiff's claim of title is based does not appear in the record.

2. A paper attached to a bill of exceptions, and marked as an exhibit thereto, is not a part of the bill.

3. Under Rev. St. § 2407, providing that, "in an action against an officer for the recovery of property taken under an execution, the court may, upon application of the defendant and of the party in whose favor the execution issues, permit the latter to be substituted as the defendant," it is proper, in an action of replevin for property so taken, to substitute the execution creditor as defendant.

Error to district court.

Replevin by James France against the sheriff of Carbon county to recover possession of property; the First National Bank of Omaha being substituted as defendant. Verdict and judgment for defendant, from which plaintiff appealed. Affirmed.

Rev. St. Wyo. § 2407, provides that, in an action against an officer for the recovery of property taken under execution, the court may, upon application of the defendant and the party in whose favor the execution issues, permit the latter to be substituted as defendant.

MAGINNIS, C. J. Several questions are presented to this court for decision in this case, but two alone will dispose of it. The motion for a new trial in the court below presents two questions to that court, and those two are here for review. The action was one of replevin, in which plaintiff in error replevied certain live stock from the sheriff of Carbon county, who was holding the same under an execution issued against one Barton T. Ryan, issued upon a judgment rendered against said Ryan, and in favor of the defendant in error. Plaintiff in error claimed the possession of said property by virtue of a bill of sale and a contemporaneous written agreement. Defendant in error was substituted to defend in the court below for the original defendant, the sheriff of Carbon county. The court below found for the defendant.

It is contended here that the evidence does not show that the bill of sale and contemporaneous agreement were fraudulent, and that thereupon the evidence was not sufficient to support the finding. The bill of exceptions is very imperfect, in that it does not only not set out that it contains all the evidence produced in the court below, but discloses upon its face that it does not contain all the evidence. It is well settled that, in order to justify this court in passing upon the sufficiency of the evidence in the court below, all the evidence adduced must be before it. But had all the other evidence appeared, in this case the bill of exceptions does not even show any title in plaintiff in error. His title, if he had any, was dependent upon a certain bill of sale, and such bill of sale is nowhere set out in the bill of exceptions. It is true a paper purporting to be a copy of a bill of sale is attached to the bill of exceptions, and marked as an exhibit thereto, but this is not sufficient to make it a part of the bill. The bill should be complete when it receives the signature of the trial judge, and we cannot aid it by any paper attached thereto or outside of the bill.

The other error alleged is that the trial court substituted the defendant in error, it being the execution creditor, as defendant below, and, after having so substituted it, procured a final judgment finding for it. Such proceeding is authorized by section 2407, Rev. St. Wyo., and we can see no error in the action of the court below. Plainly, this section is admirably adapted to further the central idea of the Code, by preventing useless and unnecessary litigation, and has for its object a final settlement of the rights of adverse parties springing up in this class of cases. This construction of the statute is upheld by the supreme court of Ohio in passing upon section 5018 of their Code, which is identical in its terms with section 2407 of our Code, and has been noted in Morgan v. Spangler, 20 Ohio St. 38; Sifford v. Beaty, 12 Ohio St. 189; Leslie v. Eastman, 17 Ohio St. 158. The judgment of the court below must be affirmed.

CORN and SAUFLEY, JJ., concur.