[No. 472.  Decided June 24, 1892.]

Clark-Harris Company (a Corporation) *et al., Respondents,* v. D. W. Douthitt, *Appellant.*

APPEAL—EQUITY CASES—CERTIFICATE TO STATEMENT OF FACTS.

It is as necessary in an equity as in a law case that the judge's certificate to a statement of facts should show that the statement contains all the material facts; and a certificate in an equity case that the statement contains all the testimony upon which the cause was tried, together with all objections and exceptions taken to the reception or rejection of testimony, is inadequate.

*Appeal from Superior Court, King County.*

Action by Clark-Harris Company against D. W. Douthitt and others to enforce a mechanic's lien. Sundry cases, in all of which Douthitt was defendant, were consolidated at the trial. From a judgment for plaintiffs, Douthitt appeals. Motion by respondents to strike the statement of facts from the record and dismiss the appeal.

30—4 WASH.

*Turner & McCutcheon,* and *D. W. Douthitt,* for appellant.

*Smith & Littell,* for respondents Clark-Harris Co.; *Fishback, Hardin & Meek,* for respondents Hughes & Albright; *Preston, Carr & Preston,* and *W. P. Bell,* for respondents Harrington & Smith; and *Elder & Brown,* for respondents Charles & Keeler.

The opinion of the court was delivered by

HOYT, J.—The certificate to the statement of facts filed in this cause was that it contained all the testimony upon which the cause was tried, together with all objections and exceptions taken to the reception or rejection of testimony. On the ground of its insufficiency, respondents move the court to strike the statement from the record and dismiss the appeal. The statute relating to the settlement of the statement of facts says that the certificate shall be sufficient if it certify that the statement contains all the material facts in the case. It further says that in a law case it shall only be necessary that the statement shall contain so much as was formerly requisite in a bill of exceptions, but that in an equity case it must contain all the testimony, together with all objections and exceptions taken to the reception or rejection of testimony. It will be seen from the statutory requisites above stated that in any case it must appear from the certificate of the judge that all the material facts in the case are embodied in the statement. We cannot agree with the argument of counsel for appellant that that part of the statute requiring such showing as to all the material facts applies only to a law case, and that the only provision applicable to an equity case is that which requires that it shall contain all the testimony, etc. In our opinion the first part of the section under consideration refers as much to an equity as to a law case, and that before

this court can be properly advised as to the facts in any case it must appear from the certificate of the judge that all the material facts are embodied therein. This, of course, need not appear in any exact form of words, as the statute does not require it. It will be sufficient if from the whole certificate it is made to appear that it contains all the material facts in the case. In a law case these material facts must include so much as was necessary for the purpose of a bill of exceptions, and in an equity case it must include all the testimony with the objections and exceptions taken to its reception or rejection. It is not necessarily made to appear from the certificate in this case that the statement contains all the material facts. The judge has not said so even in substance, and it does not follow from the fact that all the testimony, together with all objections and exceptions taken to its reception or rejection, are embodied in the statement that it contains all the material facts in the case. There may be facts entirely outside of the testimony, or any objections or exceptions growing out of the same, which were taken into consideration by the court in its disposition of the case. There may have been such stipulations or waivers on the part of the parties as to have had a controlling influence in the determination of the cause, yet all of these could be omitted from the record and the certificate of the judge in the language used in this case be perfectly true.

The motion to strike the statement of facts must prevail, and, under frequent rulings of this court, as a necessary result thereof the appeal must be dismissed. In coming to the conclusion that we have in this case, we have only carried into effect the logical result of numerous rulings heretofore made by this court in causes of this kind.

ANDERS, C. J., and DUNBAR, STILES and SCOTT, JJ., concur.