# STATE EX REL. DIMOND BROTHERS v. CRAIG, DISTRICT JUDGE.

BILL OF EXCEPTIONS—STATEMENT OF THE EVIDENCE—MANDAMUS TO COMPEL SETTLEMENT OF BILL—STENOGRAPHER'S NOTES—AFFIDAVIT OF COUNSEL—SUFFICIENCY OF ANSWER.

1. In the preparation of a bill of exceptions all the evidence should be stated which bears upon or is necessary to explain the exception relied upon or the error complained of.

2. In the settlement of a bill of exceptions the trial judge is not required to remember the evidence without a transcription of the official notes of the stenographer, but it is his right to have the evidence extended and presented to him that he may determine and certify intelligently as to that matter.

3. An affidavit of counsel tendering a bill of exceptions that the evidence set out therein is all the evidence bearing upon or

explanatory of the exceptions or the errors complained of is not conclusive upon the court or judge.

4. If, notwithstanding such affidavit, the judge's recollection is not so clear as to warrant his certifying and signing the tendered bill as true, in the absence of the stenographer's transcription, he cannot be coerced to do so, for he, and not the party tendering the bill, must pass upon its truth and completeness.

5. The appellate court cannot, on mandamus to compel the signing of a bill of exceptions, substitute its judgment for that of the trial judge as to whether all the necessary evidence has been incorporated in a tendered bill.

6. Mandamus will lie to compel a judge to act upon a tendered bill of exceptions, but not to control his judgment in respect to its truth and completeness.

7. Though a judge cannot arbitrarily refuse to settle and sign a bill of exceptions, he will not be compelled to settle and sign a tendered bill which fails to truthfully show the testimony, objections, rulings and exceptions.

8. A trial judge performs his duty in respect to a tendered bill deemed by him defective for an incomplete statement of the evidence when he suggests what should be done to make it conform to the truth and intelligently set forth the errors complained of.

9. Mandamus will not issue to compel the settlement and signing of a tendered bill of exceptions when the correctness thereof is in dispute between the relator and the judge.

10. The settlement of a bill of exceptions is a judicial act.

11. In mandamus to compel the signing of a proposed bill of exceptions, a sufficient defense is stated by an answer which alleges that the tendered bill does not contain enough of the evidence to properly explain the rulings complained of; that the evidence had been taken only by the official stenographer, who had died without transcribing the same; that the official notes had been furnished relator's counsel to have them transcribed and the defendant had offered, if desired, to endeavor to have a transcript made; that the relator's counsel had neither returned the notes nor had them transcribed, and the defendant was unable to correct the bill or suggest the necessary corrections without a full transcription of the evidence, and that he had attached a certificate to the proposed bill allowing the same as to the instructions given and refused, but stating his said inability to further attest its correctness.

[Decided April 15, 1907.]                    (89 Pac., 584.)

ORIGINAL proceeding in mandamus brought in the name of the State on the relation of Dimond Brothers, a partnership, against David H. Craig, as District Judge, to compel the settlement and signing of a proposed bill of exceptions. The case was heard upon demurrer to the answer. The facts are stated in the opinion.

*J. H. Ryckman,* for relators.

The principal errors complained of as having occurred upon the trial of the cause in question arose upon objections to testimony. The exceptions as to those matters are stated in the proposed bill by showing the questions objected to and the answers thereto. Counsel's affidavit as to the correctness of these matters is not sufficiently overcome by the judge's denial of knowledge of the matters thus shown. A court should facilitate rather than obstruct a litigant in the review of alleged errors. (Gutierrez v. Hebbard, 39 Pac., 529; Flagg v. Puterbaugh, 98 Cal., 136.) The defendant's denial that the exceptions were transcribed with so much of the evidence as was necessary to fully explain them is a negative pregnant, and amounts to an admission. (1 Kinkead Code Pl., Sec. 73.) A transcript of all the evidence is unnecessary, since the relator abandons his contention that the evidence was not sufficient to sustain the judgment. (R. S. 1899, Sec. 3741.) The answer is insufficient. (R. S. 1899, Sec. 3743; Swartz v. Nash, 25 Pac., 873; State v. Hawes, 43 O. St., 25; Gorgas v. Blackburn, 14 O., 252; Sansome v. Court, 80 Cal., 483; People v. Sprague, 53 Cal., 423; Ah Lip v. Gong Choy, 13 Ore., 205; Elliott App. Proc., Sec. 812.)

*C. W. Burdick* and *John W. Lacey,* for defendant.

It appears by defendant's answer that he sought in every possible way to aid relator's counsel to obtain a complete bill. The demurrer admits the facts alleged in the answer. The difficulty has been caused by the laches of relator's counsel. The defendant desires to certify to a true bill, and is and has been ready to do all in his power to have such a

bill perfected; he is, however, unable to attest the correctness of the proposed bill.

The certificate of the trial judge that he has no evidence of the truth of the statements in the bill is conclusive and cannot be traversed. (Platen v. Adams, 72 Ga., 199.) When the Judge has signed a bill which he believes correct mandamus will not lie to compel further action. (People v.. Jameson, 40 Ill., 93; Shepard v. Peyton, J., 12 Kan., 616; State v. Todd, 4 O., 351; Creager v. Meeker, 22 O. St., 207.) The laches of the appellant and of his attorney will defeat the writ. (State v. Dyer, 99 Ind., 426; Sutton v. Valdosta Co. (Ga.), 42 S. E., 94; Parkman v. Dent (Ga.), 34 S. E., 559; State v. Cox (Ind.), 58 N. E., 849; Vason v. Gardner, 70 Ga., 517.) The judge must decide as to whether a sufficient portion of the evidence is in the proposed bill. (Brinson v. Callaway, 37 S. E., 177.) Here the attempt is really to have the bill amended. (People v. Anthony (Ill.), 21 N. E., 780. The reasons given by the defendant in his answer are sufficient to prevent the issuance of mandamus. (People v. Anthony, *supra;* Thornton v. Hoge, 23 Pac., 1112; Merrill on Mandamus, Sec. 190.)

We submit that the answer shows the action of the judge to have been careful, considerate and conscientious; that he has done all in his power in the matter, and that a full reason is shown for his refusal to sign the bill as true in all respects.

SCOTT, JUSTICE.

This is a proceeding in mandamus, originally commenced in this court. From the pleadings it appears that the relator, a copartnership, was sued and judgment recovered against it in the District Court of Sweetwater County by Beckwith, Quinn & Company, a corporation. The cause was tried to a jury on October 28 and 29, 1904. The relator moved for a new trial. The motion was overruled and, upon request, time was allowed the relator within which to reduce its exceptions to writing and present them for allowance.

Though it is alleged in the petition that the defendant refused to sign the bill of exceptions, it is alleged in the answer that within the time allowed the relator presented its proposed bill for allowance and the certificate thereto was signed by the defendant who presided at the trial and which certificate recites: "And the court having examined said bill of exceptions finds that he cannot allow or sign the same as presented, except as hereinafter stated, for the reason that the said bill of exceptions contains none of the evidence as given by the witnesses in said case in court, and as to the statement of counsel for defendants, as to abstract portions of evidence given by several witnesses, and as to remarks made by court, referred to by counsel in his said bill of exceptions, and as to the rulings of the court on certain questions of the evidence presented in the bill of exceptions, it is impossible for the court, without the evidence in the case, to pass upon the same as true or false, and without the evidence in the case it is impossible for the court to correct the said bill of exceptions; as to the exceptions herein stated as to the errors complained of in giving and refusing instructions in said case the court allows the same * * *." This proposed bill, though presented on May 1, 1905, and within the time allowed, was not signed until August 11, 1905, there being no corrections made to the bill between those dates. It is alleged in the petition that application was thereafter and on November 20, 1905, made to the defendant to correct the bill or to suggest wherein it should be corrected, and that such application was refused. The relator filed its petition in this court for an alternative writ of mandamus directed to and commanding the defendant to allow and sign the bill as presented or correct or suggest the corrections to be made to the bill or show cause why he should not do so. The writ was issued, the defendant made return and answer thereto, and to that answer the relator has interposed a demurrer on the ground that the facts stated therein are not sufficient to constitute a defense to the action.

1.  The demurrer admits everything alleged in the answer. The court reporter who took the stenographic notes of the evidence died a few days after the trial and before the motion for a new trial was heard and decided. It appears from the answer that the evidence and exceptions thereto were not otherwise recorded upon the trial than by the official reporter; that defendant was requested by counsel for relator to furnish him the shorthand notes of the stenographer taken in the case, so that he might have them transcribed, and that defendant complied with that request. At the same time defendant informed the attorney that if he had any difficulty in getting the notes transcribed to return them and that he, the defendant, would try and get them extended; that no notice was given of such inability and that the proposed bill did not contain the evidence other than excerpts, part of which was in narrative form, nor a sufficient portion thereof to properly set forth the errors complained of and that it was impossible to attach any other or different certificate than the one attached and subscribed by him; that defendant had no knowledge that the relator had any memorandum of the evidence furnished and extended by the stenographer until November 23, 1905, when relator's attorney presented and requested him to sign the purported memorandum which was not certified to by the stenographer, and had not been presented to him before; that he was unable to say whether they were or were not furnished by the stenographer, and that if they were they were not sufficient to enable him to pass intelligently on the proposed bill, nor did they furnish sufficient data to enable him to correct or complete the bill, or to sign or attach thereto any other or different certificate than that which he had already attached and subscribed on August 11, 1905. The official stenographic notes furnished by defendant were retained by relator's attorney and were never returned to the defendant.

It was the relator's duty to prepare and present its exceptions. The burden was upon it not only to do so, but to

present for allowance a true bill.   (Sec. 3743, R. S. 1899;
Callahan v. Houck, 14 Wyo., 201.)   It was equally the duty
of the defendant upon the presentation of the bill to examine
it and if found correct to sign and allow the same; if incor-
rect to correct it so as to conform to the truth or to suggest
the corrections to be made.   Section 3743 in part says: "If
true, it shall be the duty of the court, if presented in open
court, or the judge of the court before whom the case was
tried, if presented in vacation, to allow and sign it,
whereupon it shall be filed with the pleadings as a
part of the record, but not spread at large upon the
journal.   If the writing is not true the court or the
judge in vacation shall correct it, or suggest the correction to
be made, and it shall then be signed as aforesaid."   Section
3741, Revised Statutes, is as follows: "No particular form
of exceptions is required, and the exception must be stated,
with the facts, and no more, and the whole as briefly as pos-
sible."   The requirement of the last section is not satisfied
with anything less than all the evidence bearing upon and
which is necessary to explain the exception or error com-
plained of.   It will be noticed that Judge Craig did not refuse
to sign the exceptions, but certified that there was no evi-
dence in the bill to explain them.   He alleges in his answer
that he called the attention of relators to that fact, requested
that the evidence be extended and inserted in the bill, and
furnished an official stenographic report of the evidence to
the relator for that purpose.   This was done in pursuance of
the statute which made it his duty to suggest the corrections
to be made in the bill.   No corrections were made or at-
tempted to be made at the succeeding term after the trial
and on the first day of which relators presented their pro-
posed bill of exceptions, and the judge did not sign the bill
until August following its presentation. · It is quite evident
that, having suggested the corrections, he waited for what
he thought was a reasonable time for the relator to make
the corrections before signing and allowing the bill.   He
alleges and the allegation is admitted by the demurrer that

he was not able in the absence of a complete transcript of the evidence to determine whether the evidence so sought to be included in the bill was all the evidence explanatory of or bearing upon the exceptions. Nor was he charged with the duty of remembering the evidence so as to be able to do so in the absence of such complete transcript. It was his right to have the evidence extended and presented to him, so that by reference thereto he could determine and certify intelligently as to that matter. In Conway & Nickerbocker et al. v. Smith Merc. Co. et al., 6 Wyo., 327, 339, this court said: "In these busy days it would be impossible for a trial judge to remember accurately the events of the trial, without having recourse to the laborious method of taking copious notes of the evidence and matters of exception, and his memory would have to be marvelous, without such aids, to carry in his mind the minutiæ of the trial, where, as in this case, time was allowed and taken to and including the first day of the next term of court. As a matter of practice, sanctioned by long usage and recognized by statute, both bench and bar rely upon the official notes of the stenographer, and this practice should be upheld, as it expedites the business of the courts."

Relator's counsel filed an affidavit in support of the contention that the evidence so tendered as a part of the bill of exceptions was all of the evidence bearing upon and · explanatory of the exceptions and errors complained of. Such affidavit was not conclusive upon the court or judge. In the broadest view it could serve only to refresh the recollection of the judge before whom the case was tried, and it is upon the latter and not that of the attorney in the case that the certificate to the bill of exceptions rests. If, notwithstanding such affidavit, the judge's recollection is not so clear as to warrant him in certifying and signing the bill as true, such judge cannot be coerced to do so, for he and not the relator must pass upon its truth or falsity as well as upon its completeness or incompleteness. In Brinson v. Callaway, Judge, 37 S. E. (Ga.), 177, the statute was

not broader in its terms or different in effect than Section 3741, *supra*.  It was said in that case: "The judge who tried the case must decide this question, the law requiring him to certify that the bill of exceptions 'specifies all of the record material to a clear understanding of the errors complained of.' (Civ. Code, Secs. 5532, 5528, Subd. 4.)  The decision of the judge in this matter is conclusive on counsel tendering a bill of exceptions to specify such portions of the record as are material to a clear understanding of the errors complained of.  (Id., Secs. 5528, 5530.)  While the judge to whom a bill of exceptions is tendered is authorized to change the same so as to make it refer to all the record necessary, he is certainly not required to do this, in a case where counsel tendering the bill of exceptions not only does not request him to do so, but expressly refuses to have incorporated in the bill of exceptions parts of the record which the judge claims are material, and makes a direct issue with the judge as to the materiality of the same, and the right of the judge to require the parts of the record claimed by him to be material to be transmitted to this court."  In People v. Anthony (Ill.), 21 N. E., 780, the question was upon the allowance of an amendment after the bill had been allowed and signed.  That court said: "Whatever may have been the reasons stated, at the time of the application, for his refusal to sign and seal the amended bill of exceptions, it clearly appears that respondent now places such refusal, whether correctly or incorrectly, upon the ground that he is unable to determine from his notes or other memoranda, or from other sources of information, that exceptions were in fact taken at the trial, as set forth in the amended bill of exceptions and alleged by the relator.  It appears that the affidavits in support of the motion of relator were considered, the records and files examined by respondent, and he solemnly returns that he was and is unable to determine affirmatively, as he must, that such exceptions were taken.  Although the rule applicable to the amendment of the record applies to amendments to be

made to bills of exceptions at a term subsequent to the making of the record, yet the judge who is called upon to verify the fact must determine as a judicial matter the correctness of the proposed amendment. If he was unable to verify the truth of the matter contained in the amended bill of exceptions, upon due consideration of the facts presented, this court is without power to coerce his conscience, and compel him to perform that judicial act." To the same effect is Thornton et al. v. Hoge, Judge, 23 Pac., 1112, and Merrill on Mandamus, Section 190.

By the allegations of the answer which are admitted by the demurrer the defendant has not failed or refused to perform any duty required of him, but, on the contrary, he has shown a disposition to assist the relator and to do everything within his power to enable it to get a correct transcript of all the evidence, so that when inserted in the bill of exceptions the latter would be correct and speak the truth. Instead of acting on the suggestion of the judge the relator failed to have a transcript of the evidence made and present the same as an amendment to be inserted in the bill of exceptions, and its counsel made a direct issue with the judge as to the necessity of incorporating in the bill any more evidence than that requested by him in order to intelligently pass upon the questions raised by the exceptions—a question which was judicial in its character and exclusively within the province of the court or judge. The determination of that question was in no wise ministerial, and it is well settled that this court cannot substitute its judgment for that of the defendant. (13 Ency. Pl. & Pr., 530, and note; 19 A. & E. Ency. Law, 732, and cases cited.) The defendant has neither neglected nor refused to perform a duty imposed by statute. Had he done so mandamus would lie to compel him to act, but not to control his judgment. A judge cannot arbitrarily refuse to settle and sign a bill of exceptions, but he will never be compelled to settle and sign such a bill when it fails to truthfully show the testimony, objections, rulings and exceptions. (13 Ency.

Pl. & Pr., 580; Id., 581, and note.)   Nor was it Judge
Craig's duty to amend the bill by inserting the evidence.
The bill as presented was in his judgment defective and
he made the suggestions as to what should be done in order
to make it conform to the truth and intelligently set forth
the errors complained of.   It was the duty of the relator
to prepare the draft of the bill.   (Sec. 3743, *supra*.)   The
Supreme Court of California said in Sansome v. Myres, 77
Cal., 353: "The duty of preparing such a draft cannot by
direct or indirect means be thrown on the court or judge.
The draft to be prepared by the party should be full and
fair.   It should show fully and fairly all the facts and cir-
cumstances on which the rulings of the court excepted to
were based   *   *   *.   The mistakes and omissions of the
draft may be corrected and supplied by the suggestion and
order of the judge on the settlement of the bill, so as to
make the bill, when settled, conform to the truth, and cor-
rectly set forth, so far as is material, what transpired on the
trial or proceeding to be reviewed.   The judge should see
that the bill is a true history of what it purports to set forth.
But this duty of the judge does not extend so far as to
require him to prepare or have prepared what in effect
would be a new bill of exceptions.   This would be to impose
on the judge and relieve the party of the duty of preparing
the draft of the bill of exceptions to be settled."   Under
Section 3743, *supra,* the duty imposed is in the alternative;
the judge or court must either correct the proposed bill or
suggest the corrections to be made.   If either is done the
court or judge is relieved of any duty to perform the other.
In the case before us, the judge having suggested the cor-
rections to be made, it was not then his duty to make such
corrections himself, and the issue was upon the necessity
therefor.   The correctness of the bill was thus in dispute
between the defendant and the relator, and it is well settled
that in such cases mandamus will not issue to compel the
settlement and signing of the bill.   (13 Ency. Pl. & Pr.,
580, and note.)   Upon principle the rule is not different

when the corrections sought to be made after the bill is signed. and allowed than when the bill is first presented. In either case the materiality of the proposed corrections or amendments calls for the exercise of a judicial discretion and is, therefore, a judicial act. (Jelly v. Roberts, 50 Ind., 1.) If, upon such application, the trial judge is unable to determine the correctness of the proposed amendment, such judge cannot be coerced by mandamus to certify such proposed amendment or correction as a part of the bill even though there is evidence strongly supporting the contention of the applicant. (People v. Anthony, *supra.*)

It follows that the demurrer to the answer must be and it is hereby overruled.

Potter, C. J., and Beard, J., concur.