IN RE FAULKNER'S ESTATE

FAULKNER v. FAULKNER, ET AL.

(No. 1000; Decided September 1, 1920; 191 Pac. 1068)

APPEAL AND ERROR—NOTICE OF APPEAL—DIRECT APPEAL AND ERROR PROCEEDINGS ARE SEPARATE METHODS—BILL OF EXCEPTIONS—BOTH ERROR AND APPEAL CANNOT BE MAINTAINED AT THE SAME TIME.

1.  A record on appeal, not certified by the trial judge as required by statute (Chapter 32, Sec. 6, Laws 1917) should be stricken from the files.

2. Where a record on appeal contains no journal entry of the judgment or decree, but simply a form of decree signed by the judge without any transcript of the journal showing that it was ever entered, or, if in fact a decree was entered, when it was entered, or what it was, the appeal must be dismissed.

APPEAL from the District Court of Uinta County; HON. V. J. TIDBALL, Judge.

Proceedings by Steven Faulkner against Chas. Faulkner, William Faulkner, Albert Faulkner and Sarah N. Faulkner Goodwin to contest a will in the matter of the estate of Sarah A. Faulkner, deceased.  Heard on motion to dismiss the appeal.

*Ruel Walton and S. T. Corn,* for the motion.

Proceedings on direct appeal being statutory must be strictly complied with to confer jurisdiction.  (2 P. & P. 16; 2 Cyc. 789;) the statute, Section 5, Chapter 32, Laws 1917 requires a transcript to be certified by the reporter and filed by the Clerk within a specified time, which was done in the present case; the record should be stricken for the reason that it is not certified as being true and correct by the Judge, Section 6, Chap. 32, L. 1917.  The record does not show that the Judge was notified within five days after the filing of the specifications of error; that the records have been perfected and filed in the Clerk's office; the record on appeal is apparently intended to perform the office of the bill of exceptions.  There is no valid record on appeal, (Hahn v. Bank, 125 Wyo.) the proceedings was commenced within one year as provided by Section 5122 C. S. 1910; the appellate Court can not acquire jurisdiction until the record on appeal is filed with the Clerk, Sec. 6, Chap. 32 L. 1917; the record fails to show the entry of a judgment or final order; this leaves this Court without jurisdiction. (Hahn v. Bank, supra).

BEARD, Chief Justice.

In this case the respondents have filed and submitted a motion to strike from the files of this court the record for appeal and the transcript of testimony, and to dismiss the appeal upon a number of grounds, only a few of which need be considered. One of the grounds for the motion to strike the record on appeal from the files is that it is not certified by the judge of the district court as true and correct. The record on appeal as prepared by the clerk was certified by him January 28, 1919. At that time the Statute, Section 6, Chapter 32, S. L. 1917, required the record on appeal to be certified to by the judge and clerk of the district court as true and correct. The record as filed in this court is not in any manner certified by the judge; and for that reason is not such a record as the statute then required and should be stricken from the files of this court.

Respondent moves to dismiss the appeal for the reason, among others, that the record fails to show that at the time the appeal was taken any judgment or final order had been entered in the cause. In that respect the record here is in the same condition as the record in (Hahn v. Citizen's State Bank, 25 Wyo. 467, 171 Pac. 889). In the opinion in that case the question is fully considered and discussed; and it would serve no good purpose to repeat here what was there said. That decision was adhered to on a petition for rehearing, (172 Pac. 705,) and was cited and followed in (Goodrich v. Big Horn County Bank, 174 Pac. 191). The record in the present case, like those in the cases cited, contains no journal entry of the judgment or decree, but simply a form of decree signed by the judge, without any transcript of the journal showing that it was ever entered, or, if a decree was in fact entered, when it was entered, or what it was. Even if the record in the present case had been properly certified so that it could be considered by this court, the fact that it contains no transcript of any journal entry showing the entry of any judgment or decree, requires

the dismissal of the appeal.   Following the decisions in the cases above cited, the appeal is dismissed.

*Appeal dismissed.*

POTTER, J., and KIMBALL, District Judge, concur.

Blydenburgh, J. being unable to sit in this case, Hon. Ralph Kimball, Judge of the Sixth Judicial District, was called as a member of the court and sat in his stead.

