## MULHERN, ET AL. v. MAHS
(No. 1583; Jan. 28, 1930; 284 Pac. 123)

For the plaintiff in error there was a brief by *F. E. Anderson* of Laramie, Wyoming.

For the defendant in error there was a brief by *Cassius M. Eby* of Laramie, Wyoming.

RINER, Justice.

After a trial to the court, this cause was brought here on proceedings in error, instituted by plaintiffs in error—defendants below—to review a judgment of the District Court of Albany County, based on a general finding against them.

The only question argued in the briefs of the parties is whether that finding of the court is supported by evidence in accordance with the familiar rule which counsel recognize, namely: Where there is substantial evidence to support the finding of the trial court, the evidence in the case being in conflict, this court will not interfere.

Before undertaking an examination of this matter, we are obliged to call attention to the state of the record before us. In addition to the transcript of journal entries properly certified by the Clerk of the District Court of Albany County, there are two volumes of papers, the first of which, labelled "TRANSCRIPT OF ORIGINAL PROCEEDINGS HAD IN THE DISTRICT COURT, OF THE SECOND JUDICIAL DISTRICT, OF THE STATE OF WYOMING, COUNTY OF ALBANY," contains the original papers in the case embracing principally the pleadings, the summons, a paper signed by the trial judge and designated "Decree," from which the journal entry of the judgment appears to have been made, a motion for a new trial on behalf of the defendants, and a form of order overruling that motion, also signed by the trial judge. The final certificate attached to these papers is as follows:

"The foregoing bill of exceptions contained all of the evidence in the case, all the motions and matters in all records, all the exceptions and objections to the rulings of the court, all the instructions and offers of evidence, the motion for a new trial and the rulings and orders thereon of the exceptions of the plaintiff to the order denied and overruling the motion for a new trial was presented to this court for allowance on the *11th* day of

January, A. D. 1929 within the time allowed by law, and the extension thereon allowed by order of the court. And now being found to be correct and true the same is hereby allowed, signed, sealed and made a part of the record in this case, but not to be spread at large on the journal of the court.''

Notwithstanding the recital in the certificate concerning the evidence in the case, our examination discloses that no evidence of any kind whatsoever is set forth in the volume.

The second volume purports to contain a transcript of the evidence in the case. Attached to it are merely a certificate of the court reporter who took the testimony in shorthand and the certificate of the Clerk of the District Court of Albany County substantiating the official character of such reporter. There is no attached certificate of any sort on the part of the trial judge and none by the clerk, except as stated in the last preceding sentence.

In State ex rel. Dimond Brothers v. Craig, Judge, 15 Wyo. 439, 89 Pac. 584, 586, this court, speaking of the section of our statute relating to exceptions, said:

''Section 3741, Revised Statutes 1899 (Sec. 5865, Comp. Stat. of Wyo. 1920), is as follows: 'No particular form of exception is required, and the exception must be stated, with the facts, and no more, and the whole as briefly as possible.' The requirement of the last section is not satisfied with anything less than all the evidence bearing upon and which is necessary to explain the exception or error complained of.''

Referring to the bill of exceptions in Seng. v. State, 20 Wyo. 222, 122 Pac. 631, 632, the following language was used:

''The bill, as signed by the trial judge, consists of nine pages, under separate cover bearing the filing mark of the Clerk of the District Court, and attached to it, but not referred to in the bill or in any way identified or authen-

ticated by the court or judge, is what purports to be a transcript of the shorthand notes taken by the court reporter; but such transcript, even if it had been incorporated in the bill, does not purport to contain all the evidence. The only way this court can know what the evidence in any case was, is by having it incorporated in the bill of exceptions and properly authenticated by the court or judge as the evidence in the case. The certificate of the court reporter is insufficient for that purpose. (Fishback v. Bramel, 6 Wyo. 293, 44 Pac. 840; France v. First Nat'l Bank of Omaha, 3 Wyo. 187, 18 Pac. 748; Koppala and Lampe v. State, 15 Wyo. 398, 89 Pac. 576, 93 Pac. 662.)''

Again, in Iowa State Savings Bank v. Henry, 22 Wyo. 189, 136 Pac. 863, 864, discussing certain grounds of a motion for a new trial in that case, the court remarked:

''The first and second grounds of the motion, to-wit: that the evidence is insufficient to support the verdict and that the verdict is contrary to law, can only be considered upon all the evidence given upon the trial and which evidence should be incorporated in the bill of exceptions. (Section 4598, Comp. Stat. 1910). Such has been the uniform holding of this court. The certificate of the trial judge to the bill in this case recites that it 'contains all of the *material* evidence offered, given and introduced in said cause,' and it does not appear anywhere in the bill by recital or otherwise that it contains all the evidence given upon the trial. It was incumbent upon the plaintiff in error to make an affirmative showing of prejudicial error in order to entitle it to a reversal of the judgment. The presumption of the regularity of the proceedings in the trial court is indulged until the contrary is shown. It is apparent that to entitle one to a review upon an assignment of insufficiency of the evidence to support the verdict it is essential that all the evidence be incorporated in the bill.''

Outlining certain requirements of a bill of exceptions under our practice, in Campbell v. Saratoga State Bank, 24 Wyo. 359, 158 Pac. 267, 268, it was there said:

"And when brought to this court as a part of the record in proceedings in error, it must be certified by the Clerk of the District Court to be a part of the record in the cause, the same as any other original paper filed therein, in order to have it considered by this court."

Of similar purport as the foregoing citations is Foster v. Fremont Natural Gas Co., 36 Wyo. 436, 256 Pac. 665. See also The National Bank of the Metropolis v. Kennedy, 17 Wall. 19, 21 L. Ed. 554.

The principles of appellate practice thus reiterated in past decisions of this court and generally well known to the legal profession in this state may not be departed from now. Having in mind that the first volume of papers, made up as above described, contains not a scintilla of evidence in the case—even if, despite its title and form, it be regarded as a bill of exceptions—it is plain that plaintiffs in error are not entitled to have a review of the judgment upon an assignment of the insufficiency of the evidence to support the trial court's finding. Then, too, the final certificate quoted above is hardly to be regarded as a model. A reasonable study of prior decisions of this court will readily make clear the proper phraseology necessary for such certificates.

The contents of the second volume above mentioned, under the authorities cited, cannot, it is apparent, be properly considered here.

What has already been said is quite sufficient to dispose of this case as it stands at bar. Despite that fact, it may be further mentioned that we have taken the trouble to carefully examine all the papers in the cause, including the purported evidence. While that evidence was sharply conflicting, nevertheless, in our view of it, there was abundance of testimony to justify the trial court in reaching the conclusion it did. We are convinced the judgment is right and it will accordingly be affirmed.

*Affirmed.*

BLUME, C. J., and KIMBALL, J., concur.