[OCTOBER TERM, 1930]

IN RE BASIN STATE BANK (eight cases)
(Nos. 1651-1658; March 31, 1931; 296 Pac. 1074)

2

Case No. 1651. For claimant and respondent Bradley State and Savings Bank, there was a brief by *Thomas M. Hyde,* of Basin, Wyoming, on the merits and for appellant there was a brief by *William C. Snow, pro se,* and *Charles L. Brome,* both of Basin, Wyoming.

For claimant and respondent Omaha Branch Federal Reserve Bank of Kansas City, there was a brief by *William E. Mullen,* of Cheyenne, Wyoming, and *H. G. Leedy,* of Kansas City, Mo., and oral arguments by *Mr. Mullen* and *Mr. Leedy,* on the motion to dismiss.

4

For the objector and appellant in Case Numbered 1652, there was a brief by *William C. Snow, pro se,* and *Charles L. Brome,* both of Basin, and oral argument by *Mr. Brome* in resistance of the motion.

For the claimant and respondent, Denver Branch Federal Reserve Bank of Kansas City, Case Numbered 1653, there was a brief by *William E. Mullen,* of Cheyenne, Wyoming, and *H. G. Leedy* of Kansas City, Mo., and oral arguments by *Mr. Mullen* and *Mr. Leedy.*

For the objector and appellant, there was a brief by *William C. Snow, pro se,* and *Charles L. Brome,* both of Basin, Wyoming, and oral argument by *Mr. Brome* presenting the same points and authorities as in Case Numbered 1652.

For the claimant and respondent, The Montana National Bank of Billings, Case Numbered 1654, there was a brief and oral argument by *C. A. Zaring,* of Basin, Wyoming, in support of motion to dismiss, presenting the same points and authorities as in Case Numbered 1652.

For the objector and appellant there was a brief by *William C. Snow, pro se,* and *Charles L. Brome,* both of Basin, Wyoming, and oral argument by *Mr. Brome,* presenting the same points and authorities as in Case 1652.

For the claimant, The American National Bank of Cheyenne, Wyoming, in Case Numbered 1655, there was a brief and oral argument by *William E. Mullen,* of Cheyenne, Wyoming, presenting the same points and authorities as in Case Numbered 1652, in support of motion to dismiss, and for the objector and appellant, there was a brief by *William C. Snow, pro se,* and *Charles L. Brome,* both of Basin, Wyoming, and oral argument by *Mr. Brome,* presenting the same points and authorities as in Case Numbered 1652.

For the claimant and respondent, The Midland National Bank of Billings, Montana, in Case Numbered 1656, there

was a brief and oral argument by *C. A. Zaring,* of Basin, Wyoming, presenting the same points and authorities as in Case Numbered 1652, in support of the motion to dismiss.

For the objector and appellant, there was a brief by *William C. Snow, pro se,* and *Charles L. Brome,* of Basin, Wyoming, and oral argument by *Mr. Brome,* presenting the same points and authorities in resistance of the motion, as in resistance of the motion, in Case Numbered 1652.

For the claimant and respondent, Advance Rumeley Thresher Company, Case Numbered 1657, there was a brief by *Thomas M. McKinney,* of Basin, Wyoming, and *M. J. Lamb,* of Billings, Montana, and for the objector, and appellant, there was a brief by *William C. Snow, pro se,* and *Charles L. Brome,* both of Basin, Wyoming.

For the claimant and respondent, American Railway Express Company, Case Numbered 1658, there was a brief and oral argument by *C. A. Zaring,* of Basin, Wyoming, presenting points and authorities as in Case 1652, and for the objector and appellant, a brief by *William C. Snow, pro se,* and *Charles L. Brome,* of Basin, Wyoming, and oral arguments presenting points and authorities as in Case Numbered 1652.

ON MOTION TO DISMISS

RINER, Justice.

The appellant, William C. Snow, who occupies that position in all of these cases, eight in number, has undertaken to bring them to this court by the direct appeal method of appellate procedure. He seeks a review of eight judgments rendered by the District Court of Big Horn County in the matter of the liquidation and insolvency of the Basin State Bank, wherein that court allowed certain claims held by the several respondents against the bank aforesaid as preferred claims upon the bank's assets in the hands of the state examiner, who is charged by law with the duty of administering the property of insolvent institutions of this character.

These judgments also authorized and directed the examiner to forthwith pay such claims out of any funds in his hands.

The cases have been argued and submitted both upon the merits and upon motions to dismiss filed by respondents. Of necessity these motions must first be considered, as they present the question whether the law governing direct appeals to this court has been followed in bringing the cases here, so as to permit us to entertain them for disposition on the other points relied upon to obtain reversals of the judgments attacked.

Respondents contend that no appeal record has been made or filed in these cases and point out, among other alleged defects, the want of due certification of the record on appeal by the clerk of the District Court as the law requires. An examination of that record, which is the same in each case, shows it to be in this condition:

There appear to be three volumes on file purporting to constitute the record on appeal. The first volume consists of 169½ pages. On page 3 thereof there is a certificate by the Clerk of the District Court of Big Horn County authenticating a copy of "all the entries and notations of record on the appearance docket in case #3692" (the case number of the proceedings in the court below). This copy of the appearance docket sheets shows the making of a number of journal entries in the proceedings below aside from the judgments here attacked. On page 34, one of these entries authorizing and directing the state examiner to pay another claim, also found to be a preferred one upon the assets of the bank aforesaid, is separately certified by said clerk as a full, true and complete copy thereof. While there are incorporated in this volume what would appear to be the remaining journal entries noted on the appearance docket, they have no separate clerical authentications attached to them. On page 142 of the volume, we find a certificate of the clerk stating that,—"the foregoing being pages 4 to 141 inclusive of the record on appeal in Civil Case Number #3692, entitled, In The Matter of The Liquid-

ation of The Basin State Bank, and records on appeals from Judgment and Decrees allowing preferred claims Nos. 175, 174, 86, 369, 19-20-21, 352-353-354-355, 2 and 18, to consist of the Original pleadings, Motions, and Demurrers and all other papers filed in My Office in connection with said matter, except:''—certain documents which are therein listed as either missing or as appearing in volume 2 of the record. Pages 143 to 168 inclusive of volume 1 are copies of the several judgments, from which these appeals are undertaken to be prosecuted, each separately certified as full, true and complete. The volume is then closed by another certificate of the clerk appearing on pages 169 to 169½ inclusive, to the following effect, omitting the official designation of the officer:

''I, * * * do hereby certify the foregoing to be Volume One, consisting of pages 1 to 168 inclusive, of the Record and Records on Appeal prepared by me in Civil Case No. 3692 in the matters of the appeals by Wm. C. Snow, Objector, from the Judgment and Decrees allowing and directing the payment of Preferred Claims as follows:'' (Here are listed the several claims of respondents.)

The certificate then states:

''I further certify that the foregoing consists of all pleadings, motions, demurrers and all other papers filed in my office in connection with said Civil Case No. 3692, except as shown by my certificate at page 142 hereof, and excepting the transcripts constituting Volumes 2 and 3 of this record.''

Volume 2, which appears to be a transcript of the evidence taken regarding the claim of one of the respondents, contains two certificates by the clerk. The first of these is on page 513 and separately authenticates the journal entry already mentioned as duly certified at page 34 of Volume 1, and which, in this volume, seems to have been used as an exhibit. The volume closes with the second certificate of

the clerk on pages 525 to 525½ inclusive, to this effect, omitting official designation of the officer:

"I, * * * do hereby certify the foregoing to be Volume Two, consisting of pages 170 to 524 inclusive, of the Record and Records on Appeal prepared by me in Civil Case No. 3692 in the matters of the appeals by Wm. C. Snow, Objector, from the Judgment and Decrees allowing and directing the payment of Preferred Claims as follows:" (Here the claims of the respondents are listed.)

The certificate then continues:

"I further certify that the foregoing consists of the transcript of the hearing on Objection to Preferred Claim of Omaha Branch, Federal Reserve Bank of Kansas City filed in my office in connection with said Civil Case No. 3692, filed in my office on the 5th day of May, 1930."

The final certificate of the clerk to Volume 3, which is set out on page 819 thereof, omitting the formal introduction, states: "the foregoing to be the record on appeal, consisting of pages 1 to 819 inclusive, of the Record and Records on Appeal prepared by me in Civil Case No. 3692 in the matters of the appeals by Wm. C. Snow, Objector, from the Judgment and Decrees allowing and directing the payment of Preferred Claims as follows:" (Here are once more listed the several claims of the respondents.) The remainder of the certificate, omitting testimonium clause and signature, is as follows:

"I further certify that the foregoing consists of all pleadings, motions, demurrers and all other papers filed in my office in connection with said Civil Case No. 3692, except as shown by my certificate at page 142 of this record, and also consists of the transcripts of the hearings upon Claim Numbers 175, 174, 86, 369, 19-20-21, 352-353-354-355, 2 and 18 filed in my office.
"I further certify that this certificate is attached to Volume 3 of the said Record which contains pages 526 to 819 inclusive; and consists of the transcripts of the hearings on

Objections to Claims Numbers 174, 86, 369, 19-20-21, 352-353-354-355, 2 and 18; and that Volume 2 of this Record consists of pages 170 to 525 inclusive and contains the transcript of the hearing on the Objection to Claim No. 175; and that Volume No. 1 consists of pages 1 to 169 inclusive, and contains all of the pleadings, motions, and other papers filed in my office in connection with said Civil Case No. 3692, except as shown by my certificate at page 142 of this record and excepting the transcripts constituting Volumes 2 and 3 of this record.''

The law, so far as pertinent here (§ 6406, W. C. S. 1920), requires that the record on appeal,—

''Shall consist of the original or certified copies of the pleadings, motions, demurrers, instructions given and refused, verdict and findings, certified copies of the journal entries, including the entry of the judgment or order appealed from, and the notice of the appeal in the cause, securely attached together in their chronological order, and if a transcript of the testimony is prepared and filed, and is brought up on the appeal, the transcript with the exhibits and documentary evidence contained therein or attached thereto as a part thereof, shall also form a part of the record on appeal. When so prepared, the whole of such record shall be paged and numbered consecutively, and shall be certified to by the clerk of the District Court as true and correct and filed in his office.''

It will be observed from the statement of the condition of the record as given above, that only part of the journal entries are certified as the law directs, and that there is no certificate attached to either of the volumes of the purported record on appeal that they or either of them constitute a ''true and correct'' record. Neither do they contain any language in the several certificates which can be construed as the substantial equivalent of the statutory words of certification.

In McClintock v. Ayres, 34 Wyo. 476, 245 Pac. 298, 299, the record on appeal also came to this court in three volumes. But in that case there were two certificates, one of

which authenticated a copy of the journal entries by stating that it was "a true, full and correct copy of all the journal entries in the cause of"—giving the title of the cause—"so full and entire as the same appear of record in my office." The final certificate immediately following recited all as "full, true and correct original papers," naming them, and "certified copies of all journal entries, including judgment, verdict, all orders, transcript of testimony and exhibits thereto attached." The certificate then concluded: "And I certify that the above enumerated papers are all of the original papers filed in said cause." It was held that such certification was sufficient. See also McGinnis v. Beatty, 27 Wyo. 287, 196 Pac. 311. It is not hard to see that the language employed in the McClintock case, in substance, is the full equivalent of the statutory requirement—than which no certification formula could be simpler, but which, apparently, is sometimes so difficult to use—that the record be certified as "true and correct."

It is self evident reviewing courts "must be furnished with legal evidence of the fact that what are brought to them as records on appeal are in truth the transcripts or other proper reproductions of all that took place at the trials." Bognuda v. Pearson, 71 Cal. App. 105, 234 Pac. 857, 859.

The necessity for, and the serious consequences flowing from a failure to procure certification of a record on appeal, has many times been pointed out by this court, and from almost the first appearance of cases here under that method of appellate procedure.

In Hahn v. Citizens State Bank, 25 Wyo. 467, 171 Pac. 889, 894, 172 Pac. 705, Mr. Chief Justice Potter, speaking for this court concerning the record to be prepared in such cases, said:

"But it cannot properly be filed as the record on the appeal until it has been authenticated by the required certificate or certificates of the judge and clerk."

Again, in Kendrick v. Healy, 26 Wyo. 261, 183 Pac. 37, 40, the court, referring to the requirement of certification of the record on appeal when the law required certificates from both the trial judge and the clerk, remarked that:

"So long as each certifies that the record is true and correct and each certificate is within the time for filing the record on appeal, that is sufficient."

See also Electrolytic Copper Company v. Board of County Commissioners, 289 Pac. (Wyo.) 1096, 1097, where it was said:

"An additional defect in the instant case is that the clerk's certificate was not made until June 24, 1929, long after the time for preparing and filing the record on appeal had expired. It is therefore evident that, if we could overlook the delay in filing the record in this court and defects in the certification of the record, we would have to dismiss the appeal for want of jurisdiction, because the record for the appeal was not perfected within the seventy-day period, which was not extended or enlarged."

While the law requiring the two certificates, as mentioned above, was in force, the case of Faulkner v. Faulkner, 27 Wyo. 62, 191 Pac. 1068, was decided and it was there held that although the record on appeal was duly certified by the clerk, inasmuch as it was not certified by the judge, it was not such a record as the statute required, and "should be stricken from the files of this court." The appeal was, on motion, dismissed.

In W. H. Holiday Co. v. Bundy, 289 Pac. (Wyo.) 1094, it was held that the failure to certify the record on appeal as the law directs constituted a ground for the dismissal of the appeal. The same rule was applied in Sandgren, et al. v. Bundy, et al., 289 Pac. (Wyo.) 1096; Laramie Auto Co. v. Bundy, et al., 289 Pac. (Wyo.) 1096.

Where a transcript of evidence on direct appeal was uncertified by the clerk, although the original papers were

properly authenticated by that officer, this court, in George Bolln Co. v. Freeman, 294 Pac. (Wyo.) 1110, declined to consider the questions involved in the appeal, as they arose solely upon the evidence offered and received in the case, and upon an alleged rejected instruction. The judgment below was therefore affirmed.

It may here be noted that the decisions listed above, establishing the necessity and importance of authentication of the record on appeal as the law indicates shall be done, are also in complete harmony with the disposition of a similar question arising under the other method provided by our statutes, for reviewing the final judgments and orders of the trial courts, i. e., proceedings in error.

In Mulhern v. Mahs, 41 Wyo. 214, 284 Pac. 123, a case brought here on error, it appeared that the transcript was authenticated only by the certificate of the court reporter who took the testimony in shorthand and transcribed it, and the certificate of the clerk of the District Court stated merely the official character of such reporter. It was there held that the transcript could not be considered by this court and the judgment below was consequently affirmed. Numerous prior decisions announced by the court extending over a period of many years are cited in the opinion to the same effect.

Decisions of similar purport are readily found in other jurisdictions. See Bognuda v. Pearson, supra; Dickerson v. Botchleott, 122 Okla. 252, 254 Pac. 80; Duncan v. Duncan, 129 Okla. 125, 263 Pac. 1083; Schroyer v. Bracken, 134 Okla. 106, 272 Pac. 1029; Fain v. Bray, 98 Fla. 249, 120 So. 764; Kincaid v. Friedman, 67 Kan. 838, 73 Pac. 52; Marshall, Admr. v. State ex rel. Shryer, 107 Ind. 173, 6 N. E. 142; Shewey v. Manning, 14 Wisc. 448; Otis v. Butters, 46 Nebr. 492, 64 N. W. 1093; Clark-Harris Co. v. Douthitt, 4 Wash. 465, 30 Pac. 744; Blitz v. Brown, 7 Wall. 693, 19 L. Ed. 280.

Reluctant as we are to dispose of a case otherwise than upon the merits, nevertheless we are bound to give effect to

the enacted law of appellate procedure, as that has been applied in the prior decisions of this court. Under the provisions of the law and the authorities above cited, we are obliged to sustain the motions to dismiss. While no motion was filed in case No. 1651, yet the record there being in identically the same condition as that in all the other cases submitted on the several motions to dismiss and not being such a record as we may consider, our conclusion is that all the appeals must be dismissed.

*Dismissed.*

KIMBALL, C. J., and BLUME, J., concur.