**SALT RIVER ENTERPRISES, INC.,**
**Appellant (Plaintiff),**

v.

**Charles G. HEINER, Appellee**
**(Defendant).**

No. 5824.

Supreme Court of Wyoming.

May 23, 1983.

Larry L. Jorgenson, Jackson, signed the brief and appeared in oral argument on behalf of appellant.

Wallace L. Stock, of Loomis, Lazear, Wilson & Pickett, Cheyenne, signed the brief and appeared in oral argument on behalf of appellee.

Before ROONEY, C.J., and RAPER, THOMAS, ROSE and BROWN, JJ.

ROONEY, Chief Justice.

Appellant-plaintiff instituted this action against appellee-defendant alleging that appellee had constructed an easement road across appellant's property at a different location than that described in a written road easement given to appellee by appellant's predecessor in interest. After a trial to the court, the written easement was held to be ambiguous and the intention of the parties was found to require construction of the road at the location where appellee did construct it.

We affirm.

Before addressing the issues presented on appeal, we must determine the extent of the record properly available for our review. Part of that filed with this court consists of a purported transcript of proceedings had at the trial of the matter. It appears to be an original, but it does not contain a court reporter's certificate that it is "true and correct in every particular" as required by Rule 4.02, W.R.A.P.[1] Nor is the

---

1. Rule 4.02, W.R.A.P., provides:
   "The appellant shall, within ten (10) days after filing the notice of appeal, file and serve on the appellee a description of the parts of the transcript which he intends to include in the record. If an appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion. If the appellee deems a transcript of other parts of the proceedings

transcript certified by the clerk as part of the record on appeal as required by such rule.

In one of the earliest cases reported after Wyoming became a state, the necessity of a properly authenticated transcript was discussed. This court there concluded that the certificate of the clerk was not sufficient to guarantee the reliability of the transcript and that, absent the court's certificate that the transcript correctly and fully states the evidence received, it could not be considered. *Roy v. Union Mercantile Co.,* 3 Wyo. 417, 422–423, 26 P. 996, 998 (1891). The necessity for proper authentication of a transcript was reiterated in *In Re Basin State Bank,* 43 Wyo. 1, 296 P. 1074 (1930), in a number of cases cited therein, and in *Northwestern Terra Cotta Co. v. Smith-Turner Hotel Co.,* 47 Wyo. 190, 33 P.2d 915 (1934).

The requirement for a proper certification is now embodied in a rule of court rather than a statute, as was the situation in the early cases, but the requirement is nonetheless binding. The facts necessary to present a question for review must be properly before us. As was said in *In Re Basin State Bank,* supra, 43 Wyo. at 12, 296 P. at 1076:

"It is self-evident reviewing courts 'must be furnished with legal evidence of the fact that what are brought to them as records on appeal are in truth the transcripts or other proper reproductions of

all that took place at the trials.' *Bognuda v. Pearson,* 71 Cal.App. 105, 234 P. 857, 859."

■ Since we do not have a properly authenticated transcript before us, we must accept the trial court's findings of fact as that upon which any decision on issues pertaining to the evidence must be based.

On appeal from the judgment, the appellant words the issues as follows:

"A. Whether the Common Easement Agreement is ambiguous as a matter of law?

"1. Whether the District Court erred in holding that the worded description in the recorded easement is uncertain and ambiguous?

"2. Whether the District Court erred . in finding there was an existing road or roadway at the location Defendant constructed his road?

"B. Whether the District Court erred in admitting into evidence Defendant's Exhibits A & B?

"C. Whether the District Court erred in holding that Plaintiff knew or should have known or discovered where the parties to the Common Easement Agreement intended the road to be constructed?"

Issues A.2, B and C are issues pertaining to the evidence. Appellant makes extensive reference to the transcript to support his contentions relative to the issues. Inasmuch as we cannot follow the leads in his

to be necessary he shall, within ten (10) days after the service of the docketing statement of the issues by the appellant, order such parts from the reporter or procure an order from the district court requiring the appellant to do so. At the time of ordering, a party must make satisfactory arrangements with the reporter for payment of the cost of the transcript.

"*All transcripts of testimony, evidence and proceedings shall be certified by the official court reporter to be true and correct in every particular, and when so certified shall be received as prima facie evidence if [of] the facts, testimony, evidence, and proceedings set forth in such transcript.* The transcript format shall be 8½ × 11 inches and a maximum of twenty-five (25) lines per page. The reporter shall indicate at the bottom of each page the name of the witness, the name of counsel then examining, and the type of ex-

amination there appearing. Appended to the transcript shall be an index of witness's testimony, and the points at which exhibits were offered and admitted or refused. *The transcript shall be certified by the clerk as a part of the record on appeal.* The record papers transmitted to the Supreme Court by the clerk of the district court shall be fastened in one (1) or more volumes, with pages numbered consecutively (the transcript need not be renumbered), and with a cover page bearing the title of the case and containing the designation 'Record on Appeal,' followed by a complete index of all papers therein, and the clerk shall append his certificate identifying the papers with reasonable definiteness. In addition, counsel shall certify that all record papers and relevant transcript which he has designated are included as part of the record on appeal." (Emphasis added.)

argument on these issues into the transcript, we must address them only from that contained in the findings of fact. Issues A and A.1 are issues which are founded on a construction or interpretation of the easement agreement. Whether or not it is ambiguous and uncertain can be ascertained from it and external evidence need be considered only if it is ambiguous. The easement agreement is in the record as an exhibit to the complaint.

## ISSUES A AND A.1

### AMBIGUITY

■ In reviewing the district court construction of the easement agreement, we are governed by the principles applied to the construction of contracts in general. *Rouse v. Munroe,* Wyo., 658 P.2d 74 (1983); *Hollabaugh v. Kolbet,* Wyo., 604 P.2d 1359 (1980).

"Our basic purpose in construing or interpreting a contract is to determine the intention and understanding of the parties. [Citations.] If the contract is in writing and the language is clear and unambiguous, the intention is to be secured from the words of the contract. [Citations.] And the contract as a whole should be considered, with each part being read in light of all other parts. [Citations.] The interpretation and construction is done by the court as a matter of law. [Citations.]

"If the contract is ambiguous, resort may be had to extrinsic evidence. [Citations.] An ambiguous contract 'is an agreement which is obscure in its meaning, because of indefiniteness of expression, or because a double meaning is present.' [Citation.] Ambiguity justifying extraneous evidence is not generated by the subsequent disagreement of the parties concerning its meaning. [Citation.]" *Amoco Production Company v. Stauffer Chemical Company of Wyoming,* Wyo., 612 P.2d 463, 465 (1980).

■ The description of the road on the easement agreement set forth its centerline by purported courses and directions and concluding with "as shown on the Exhibit 'A' attached hereto and by this reference made a part hereof." The courses and directions are not precise, given direction by such words as "an East—Southeasterly direction," "southerly" direction, etc. Compass degrees were not used. The courses or distances were given in approximations, i.e., "approximately one-half (½) mile," "approximately 20 rods," etc. That referred to as "Exhibit A" was not attached as recited. In its findings, the trial court found that "the map, Exhibit A, was inadvertently omitted." Because of the description deficiency and the failure to attach the exhibit to the recorded instrument, the district court properly found an ambiguity and relied on extrinsic evidence to determine the intent of the parties at the time the agreement was made.

■ At this point our review is hampered by appellant's failure to include an authenticated transcript in the record on appeal.[2] However, the district court's findings of fact set forth sufficient evidence to support the determination that appellee constructed the easement road at the location intended by the parties to the easement agreement.

The findings reflect that prior to the execution of the Common Easement Agreement, access to appellant's property was by a road

"\* \* \* which lay to the west below the hill. However, over the years the hill route fell into disuse in favor of a short 'crop road' which was situated in the cultivated field to the west. During certain periods during the year, particularly in wet weather or during spring run-off, the crop road becomes impassable."

It was found that over the years discussion was had with reference to improving or putting the road along the hill to the east and discontinuing the crop road. Additionally, appellant's predecessor in interest refused to sign the easement agreement until it was changed to reduce the width of the

---

**2.** Rule 4.02, supra, n. 1, gives appellant an opportunity to verify that the record is complete by requiring that counsel certify that all papers and relevant transcript have been included in the record on appeal. This was not done in this case.

road and until it contained a provision for help to move the pipeline under the proposed road. The pipeline was under the hill side road.

It was further found that the location of the pipeline to which reference was made in the easement agreement was pointed out to appellant's president at the time appellant purchased the land over which the easement ran.

There was sufficient evidence for the trial court to hold that the location described in the easement agreement was the hill side location and that appellee constructed the road at that location.

## ISSUE A.2

### SUFFICIENT EVIDENCE OF PREVIOUSLY EXISTING ROAD

█ Again, our review is hampered by lack of a trial transcript, but the trial court found that the hill road existed even prior to the execution of the easement agreement. We have nothing before us to refute the finding, and the reference to the pipeline, which was handwritten into the original easement agreement and which was under the hill location only, supports the understanding of the parties to the easement agreement that the hill road existed at the time the easement agreement was executed.

## ISSUES B AND C

### ERROR IN ADMISSION OF EXHIBITS A AND B, AND ERROR IN ATTRIBUTING TO APPELLANT KNOWLEDGE OF OR ABILITY TO KNOW OF THE INTENTION OF THE PARTIES TO THE AGREEMENT CONCERNING THE EASEMENT LOCATION

These two issues can normally be addressed only by reference to the transcript.

We do not even know what Exhibits A and B are.

█ We will not substitute our judgment for that of the trial court and we will sustain the findings of the trial court unless clearly erroneous or contrary to the great weight of the evidence. *Plains Tire and Battery Company v. Plains A to Z Tire Co., Inc.,* Wyo., 622 P.2d 917, 920 (1981); *Meeker v. Lanham,* Wyo., 604 P.2d 556, 558 (1979). There is nothing before us to indicate the clearly erroneous nature of the trial court's findings. Such findings of fact reflect that appellant purchased the property subject to the easement agreement. They also reflect that there was a conflict of evidence concerning whether the intended location of the easement agreement as construed by the district court was made known to appellant prior to the sale or whether it was correctly perceived by appellant. The trial court determined that appellant should have recognized the incomplete description in the easement agreement and that the exhibit map was missing. The trial was to the court, and it received the questioned exhibits into evidence. We cannot say that the findings of the district court are clearly erroneous or unsupported by the evidence.

Affirmed.